### BOB O. DAILY v. THE STATE.

No. 20061. Delivered December 21, 1938.

The opinion states the case.

*Mays & Mays*, of Fort Worth, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is knowingly passing a forged instrument; the punishment assessed is confinement in the State Penitentiary for a term of four years.

The appellant's only contention is that the court erred in declining to quash the indictment, which contained two counts. The first count charged forgery and the second (being the one upon which he was convicted) knowingly passing a forged instrument. Omitting the formal parts, the second count reads as follows:

" * * * That one Bob O. Daily hereinafter styled Defendant, in the County of Tarrant and State aforesaid, heretofore, on the 28th day of August in the year of our Lord, One Thousand, Nine Hundred Thirty-seven did then and there wilfully, knowingly and fraudulently pass and attempt to pass as true to one Gertrude Medford a false and forged instrument in writing which had theretofore been made without lawful authority, and with intent to injure and defraud, which said false and forged instrument in writing was then and there of the tenor as follows, to-wit:

"CONTINENTAL OIL CO.

"12-31        of        No. 36736

New York, N. Y.

"Pay to the Order of B. O. Daily————————$125.00

"Registered

"J-5793     $125 and 00Cts.     Dollars

"Union Bank and Trust Co.

New York, N. Y.       J. H. Howard Jr.

Cashier

"Treasurer's Check       ~~Vice-President~~"

Countersigned: A. A. Atwood

and which said instrument in writing, the said Defendant then and there well knowing to be false and forged, said Defendant then and there pass and attempt to pass the same as true, with intent to injure and defraud, against the peace and dignity of the State. * * * ."

Appellant's main contention is that the indictment is fatally defective in that the same contains no innuendo averments as to the meaning of the figures "12-31" and "J-5793," and that the same bears no date. He contends that the instrument is neither a check nor a draft within the negotiable instrument law; that it is merely a request or an order, and that it would have to be explained in some manner in order to create liability against anyone. We do not agree with him in this contention.

It appears to be a treasurer's check, drawn by J. H. Howard, Jr., Cashier of the Union Bank and Trust Company of New York City, upon the Continental Oil Company of that city and payable to the order of B. O. Daily in the sum of $125.00, countersigned by A. A. Atwood. It occurs to us that the instrument is such as is commonly used in commercial transactions and one which created a pecuniary obligation upon the Union Bank and Trust Company of New York City in case the same had been genuine. That it would be sufficient as the basis for a civil action seems obvious. Consequently it was good as the subject of a forgery. In the case of Dooley v. State, 21 Texas Crim. App. 549 (550), this Court, speaking through Judge WILSON, said: "Our statute defines the term 'pecuniary obligation,' used in the definition of forgery. It 'means every instrument having money for its object and every obligation for the breach of which a civil action for damages may be lawfully brought.' "

In support of what we have said, we refer to the cases of Spicer v. State, 52 Texas Crim. Rep. 177; Gumpert v. State, 228 S. W. 237; Davis v. State, 156 S. W. 1171; Morris v. State, 17 Texas Crim. App. 660.

The fact that the figures "12-31" and "J-5793" appearing on the face of the instrument were not explained by proper innuendoes and explanatory averments is of no moment. The figure "12-31" evidently refers to December 31, and the letters "J-5793" evidently refer to the registered number of the check. However, these figures would not vitiate it as a commercial instrument, because the instrument, upon its face, appears to be complete and sufficient as a check and appears to be unambiguous without any explanatory innuendoes. The figures did not add to, or detract from, its negotiability. A false instru-

ment which bears no date at all may be the subject of a forgery. See Boles v. State, 13 Texas Crim. App. 657; Dixon v. State, 26 S. W. 501.

Appellant relies on the case of Pospishel v. State, 255 S. W. 738. There is a vast difference in the instrument there declared on and the one in the instant case. Consequently the rule there applicable would not be applicable to the facts before us.

We do not deem it necessary to enter upon an extended discussion of the questions here presented, as the same have been passed on by us many times.

Having reached the conclusion that the indictment is sufficient upon its face to charge the offense of knowingly passing a forged instrument, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.