## Morell v. Morell.

Oct. 23, 1942.

Joe Hobson for appellant.

Combs & Combs for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

We are asked to reverse a judgment of the Chancellor refusing to modify and specifically enforcing provisions of a previously entered divorce decree awarding appellee the custody of his five year old son during the three months school vacation in each year, and relieving him from paying appellant for the child's support during such periods. The provisions referred to were incorporated in the divorce decree pursuant to a contract between the parties awarding appellant the custody of the child during the remainder of each year, providing for its support by appellee, and settling property rights. They are vigorously assailed by appellant as illegal and unenforceable because a separately numbered paragraph of the contract provided that appellant might sue for a divorce and that appellee would pay the court costs and attorneys' fees, the latter to be agreed upon in advance. Those interested in the academic questions thus raised are referred to our opinions in Dodd v. Dodd, 278 Ky. 662, 129 S. W. (2d) 166; and Edleson v. Edleson, 179 Ky. 300, 200 S. W. 625, 626, 2 A. L. R. 689. We are not concerned with the illegality of the latter provision or its effect upon the agreement relating to the child's custody, since it was beyond the capacity of the parents to deprive the Chancellor of his power to abolish or amend that agreement whenever the welfare of the child demanded such action. Bishop v. Bishop, 238 Ky. 702, 38 S. W. (2d) 657.

Neither are we disposed to consume the time of the court nor burden the bar with a discussion of the voluminous testimony, since it disclosed nothing which justified the creation of so large a record and little which could have justified appellant's attempt to evade the terms of her agreement. Whether appellant was unfaithful to her marriage vows, as now charged by appellee, or whether appellee was actually guilty of cruel and inhuman treatment, the ground upon which appel-

lant was granted a divorce, we need not decide nor speculate upon. The parties reside in the same town, and by the terms of the contract and judgment each is privileged to visit the child at all reasonable times while it is in the custody of the other. Both have remarried; both have suitable homes; and both appear to be living respectable lives. Aside from infrequent over-indulgence in drinking on gala occasions, no fault is shown in appellee which would stamp him as unfit to have his son's custody. The conclusion is inescapable that appellant is either one of that unfortunate class of women who regard their desires as paramount to the rights of others, or else so devoted to her son as to be unreasonably apprehensive of every conceivable ill which might befall. The possible effect upon the child's nervous system through the alterations of environment necessitated by a compliance with the contract is the main topic discussed by the witnesses, expert and otherwise, and his abnormalities and idiosyncracies, for example, bed-wetting, are related and discussed ad infinitum and ad nauseam.

The boy is now nine years old, and soon will be able to determine for himself what portion of his time he desires to spend with his father. Until then he is under the watchful eye of the Chancellor who is fully empowered to remove him from either environment which might prove harmful. In the absence of such a development, and on the record presented, the Chancellor correctly decided that the provisions of the contract respecting the child's custody were consistent with the rights of the parties and the boy's welfare.

Judgment affirmed.