J. O. CAMPBELL v. THE STATE.

No. 22653. Delivered December 8, 1943.

The opinion states the case.

. *C. C. McKinney,* of Cooper, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of possessing intoxicating liquor in a dry area for the purpose of sale, and his punishment was assessed at a fine of $100.00, from which judgment he has appealed to this court.

Quite a number of complaints are brought forward for review. However, in view of the disposition we are making of the appeal, it will not be necessary to discuss all of them.

Appellant's first contention is that the evidence is wholly insufficient to sustain his conviction. With this contention we are in accord. The record shows that on or about the 23rd day of October, 1942, the sheriff of Hopkins County, accompanied by two of his deputies, armed with a search warrant, went to the home of the appellant and searched the same for intoxicating liquor. As a result of the search they found a jug containing a gallon of wine which, according to the testimony of the State's chemist, contained twenty-two per cent of alcohol by volume.

The State also introduced in evidence the minutes of the Commissioners' Court showing that on the 20th day of September, 1901, the court convened in special session for the purpose of canvassing the result of the election held within and for said county on September 7, 1901, to determine whether or not the sale of intoxicating liquor should be prohibited within

said county. The canvass of the returns disclosed that 2,776 votes were cast for prohibition and 1,660 votes against it, whereupon the court declared the result of said election to be for prohibition and ordered that the sale of intoxicating liquor within and for said county be prohibited; but the State wholly failed to show that the county judge of said county ever published his proclamation putting the law in effect. This being a local law, the Commissioners' Court was required to comply with every statutory requirement to put prohibition in effect. In support of what we have said, we refer to the following cases: Watson v. State, 135 Tex. Cr. R. 632; Humphreys v. State, 131 Tex. Cr. R. 383; Green v. State, 131 Tex. Cr. R. 552; Dixon v. State, 115 S. W. (2d) 414.

Many objections were addressed to the court's charge, some of which are well founded because the charge is too restrictive.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.