CLAUDE ORVILLE WILLIAMS V. THE STATE.

No. 23993. Delivered April 7, 1948.

*W. F. Nix*, of Amarillo, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted as a principal in the theft of an automobile and assessed two years in the penitentiary.

The evidence in the case supports the conviction and will not be discussed at length. The car was stolen in the City of Amarillo. Shortly thereafter a radio alarm was given. Ray Craton Newman, apparently as driver of the stolen car, and appellant appeared in the town of Vega west of Amarillo. According to the testimony of the operator of a service station, they purchased from him a tire for the car and drove away without paying for it. They were soon met by a member of the Texas Highway Patrol while they were driving at a high rate of speed, near the city limits of Vega, going in a westerly direction. The officer followed them sounding his siren. The stolen car zig-zagged through the streets of the town and came onto

the highway on the west side where the two occupants abandoned the car and ran in opposite directions. Appellant went north and Newman went south. Both were apprehended, arrested, and brought back to the car.

The evidence does not show that the parties were together when the car was stolen from its parking place on the streets, and the conclusion of guilt was based on the possession of recently stolen property. The charge was given to the jury on the law of principals, the law of circumstantial evidence, and also a defense charge on insanity. There seems to be no serious complaint about the correctness of these charges and we believe that they meet the requirements of the law.

There is no bill of exception in the record, and the only contention requiring consideration is the insufficiency of the evidence. This is based chiefly on the testimony of Mrs. O. W. Moore, the only witness testifying in appellant's behalf. She is probation officer for Potter County and has had long experience with appellant. She testified as to his disposition; that he was lacking in intelligence; that he had an I.Q. of a second grade pupil, though he was in the fifth or sixth grade, and he had no knowledge or capacity beyond that. She said, however, that he had mind enough to get into trouble but that it seemed to be a "complex," that he wanted to throw his trouble off on someone else. He had been to the State Training School from Dallas. He was easily influenced. She said, "I think he is as smart as anybody, in some ways. But I think a lot of his misbehavior has been brought on because a lot of it was a complex, and because he wanted to be as big as the other fellow, and still let anybody lead him into anything." She referred to his situation at home, but did not explain that only to remark that a lot of his trouble may be caused by his misbehavior. On cross-examination she said, "I am sure he knows right from wrong, as far as his knowledge goes. * * * He seems to have a disposition to steal."

The case is presented to us as if the foregoing testimony were all of the evidence on the subject. We find, however, that the State in rebuttal offered the evidence of O. W. Moore, the son of the defendant's witness, who is deputy sheriff and jailer in Amarillo. He had considerable knowledge of appellant, had charge of him in the jail, observed how he worked, and he says: "Outside of seeming to be a little nervous, he seemed perfectly normal, as far as I could tell; he is a very good worker. * * * He can carry on very normal conversations, and seemed normal in

18

every way as far as I could tell. \* \* \* I would say that the defendant is perfectly sane."

A letter from the Superintendent of the State School for Boys at Gatesville is found in the statement of facts and it concludes: "He seemed to be a normal boy when he was in this institution."

The issue of his mental capacity was thus presented by appellant and controverted by the State. It raised an issue of fact. This issue was fairly presented to the jury in the court's charge and by them decided contrary to the contention before this Court. We cannot say that the jury was not supported in its finding.

We have considered the other questions in the case and do not believe a discussion of them will be necessary. We find no reversible error and the judgment of the trial court is affirmed.