OMA REEVES V. STATE.

No. 25,895. October 8, 1952.
State's Motion for Rehearing Denied (Without
Written Opinion) November 26, 1952.

*Robert W. Hilton,* Jasper, for appellant.

*L. E. King,* County Attorney, Hemphill, *Wiley Thomas,* and

*Joe Newman,* Special Prosecutors, Groveton, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted for possession of whiskey in Sabine County, a dry area, and the jury assessed his punishment at a fine of $750.00.

The state, through the county attorney of Sabine County, moves to dismiss the appeal because the recognizance does not set forth the punishment assessed.

The authorities relied upon are not deemed applicable here. They were dealing with the statute, then Art. 919, Vernon's Ann. C.C.P., 1911, which provided that the recognizance in misdemeanor appeals should show the punishment assessed. No such provision is found in the present statute, Art. 831, Vernon's Ann. C.C.P. The provision for setting forth the punishment in the recognizance appears to have been eliminated in the 1925 codification.

It is also urged that in fact the recognizance was not entered into in open court during the term. The transcript shows that the trial was had at the February term of the county court of Sabine County, which convened on February 18, 1952, and adjourned on May 17, 1952. It is further shown that appellant's motion for new trial was overruled on March 20, 1952, and on the same day notice of appeal was given and recognizance entered into in open court.

The transcript being regularly certified and filed as a part of the record on appeal, this court is not authorized to consider the ex parte affidavits filed in this court which attempt to dispute the record as so made. If in fact there be mistakes in the transcript, relief should be sought in the trial court and a corrected transcript forwarded to this court by the clerk. See Ekern v. State, 150 Tex. Cr. R. 319, 200 S.W. 2d 412.

Appellant attacks the sufficiency of the evidence to sustain the allegation of the complaint and information as to the dry status of Sabine County. We have examined the statement of facts and find no evidence to sustain the allegation that the order of the commissioners' court, canvassing the results of the election and declaring prohibition in effect in the county, was ever published, as alleged in the complaint and informa-

tion and as called for in the order. In the absence of a stipulation this proof is essential in order to show the alleged dry status of the area. See Sweeten v. State, 135 Tex. Cr. R. 445, 120 S.W. 2d 1074; Campbell v. State, 146 Tex. Cr. R. 392, 176 S.W. 2d 174; Williams v. State, 152 Tex. Cr. R. 16, 211 S.W. 2d 222; Jones v. State, 154 Tex. Cr. R. 88, 225 S.W. 2d 190.

In Humphreys v. State, 131 Tex. Cr. R. 383, 99 S.W. 2d 600, the provision of Art. 666-23, Vernon's Ann. P.C., which appears to have been relied upon by the trial court, was held ineffectual because this court is without means of actual knowledge of the status of a given area other than from evidence in the record.

The evidence being insufficient to show the dry status of the area where the alleged possession was had, the judgment is reversed and the cause remanded.

Opinion approved by the Court.