ARTHUR WILEY V. STATE

No. 28,440. October 10, 1956.

*Burks & Brown,* Lubbock, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for selling whisky in a dry area.

Count No. 1 of the information charged that "on or about the 18th day of April, A.D. 1955," appellant made a sale of whisky to R. M. Barba. In connection with that count it was charged that prior to the commission of that offense, appellant had been convicted of a like offense.

Count No. 2 charged that "on or about the 20th day of April, A.D. 1955," appellant made a sale of whisky to R. M. Barba.

Count No. 3 charged that "on or about the 21st day of April, A. D. 1955," appellant made a sale of whisky to R. M. Barba.

All sales were alleged to have been made in Lubbock County, with no other specification as to the time or place of sale.

All counts were submitted to the jury by the trial court. The allegation of prior conviction was applied to Count No. 1, in the event of a conviction thereunder.

The jury returned a verdict finding appellant guilty under each of the three counts.

To Count No. 1, the punishment assessed was a fine of $300 and 180 days' confinement in jail. To Count No. 2, the punishment assessed was a fine of $200 and 90 days in jail. To Count No. 3, the punishment assessed was a fine of $200 and 90 days in jail.

Under the verdict the court entered judgment, and therein fixed appellant's punishment at a fine of $700 and 360 days in jail, thereby cumulating both the fine and the jail penalty assessed by the jury under all counts.

By motion to quash the information, by motion to require the state to elect, and by exception and objection to the court's charge, appellant challenges the right of the state to secure a conviction under each of the three counts in the information.

While it is true that more than one misdemeanor might be charged in the same information, such by no means authorizes the state to charge the same offense more than once and secure a conviction for that same offense under separate allegations.

It has always been the rule that where an offense is charged

as having been committed "on or about" a certain date, the state, under such allegation, may prove the commission of the offense charged as having occurred at any time so long as it is anterior to the filing of the information and within the period of limitation. Branch's P.C., Sec. 439; Abston v. State, 158 Tex. Cr. R. 88, 253 S.W. 2d 41; Tex. Digest, Indictment and Information, and authorities there collated.

There being no attempt to have the several counts relate to or charge a specific time or place as distinguished from "on or about" that time, under the rule stated a conviction could be had under one or all of the counts by a showing of an unlawful sale of whisky, at any time or place, within two years prior to April 26, 1955, the date the information was filed.

It is apparent, therefore, that only one unlawful sale was alleged in the information.

The jury having convicted appellant for that offense, under Count No. 1 of the information, judgment should have been entered thereon.

Attention is called to the fact that we are not here dealing with offenses which are made continuous by statutory definition, nor do we have here the question of acquittal under some of the counts of the information.

It will be remember t the rule of former convictions, or autrefois convict, ed when the convictions are for the same transaction acts constitute the same transaction. 12 Tex. Jur., Crir w, Sec. 239, p. 557.

It becomes the duty court to reform the judgment of the trial court so as to ellant guilty as charged in Count No. 1 of the informat 1 to fix the punishment assessed by the jury under that

Accordingly, the jud t of the trial court is reformed so as to read that appella, guilty under Count No. 1 of the information, as found b jury, and his punishment is assessed at a fine of $300 180 days' confinement in jail.

As so reformed, the j ment of the trial court is affirmed.