## CLEVELAND CAMPBELL V. STATE.

No. 30,964. November 11, 1959.
Motion for Rehearing Overruled December 16, 1959.

· *C. C. Divine,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White, Alex Guevara, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the unlawful sale of a narcotic drug, to-wit: cocaine; the punishment, five years.

Officer G. D. Shelton of the Narcotics Division of the Houston Police Department testified that on the day in question, in company with an informer, he went to St. Luke's Hospital in the city where they met the appellant who was an orderly at the hospital; that after he was introduced to appellant by the informer he asked appellant if "he had the stuff with him" to which appellant replied that he did; that they then went to his automobile on the hospital parking lot, where after getting in the automobile and bargaining over the purchase of a quantity of cocaine the appellant handed him a cellophane package containing a white powder and he gave appellant $300 in money; that they were then both arrested by other officers who were on the parking lot and he thereupon gave the cellophane package

to Officer Miller and Officer Chavez took the money from appellant. He further testified that after they were carried to the police station the package was dated and initialed by all of the officers and then delivered by Officers Miller and Leonard to Chemist McDonald.

Officers C. M. Leonard, Mike Chavez and J. E. Neeley, called as witnesses by the state, testified in corroboration of the testimony of Officer Shelton that on the day in question they went to the parking lot where they observed Officer Shelton and the appellant sitting in the automobile and were present when the two were arrested. Officer Leonard identified State's Exhibit No. One as the package which he saw Officer Miller, who was deceased at the time of the trial, take from Officer Shelton on such occasion and further identified the exhibit as the package which he and Officer Miller delivered to Chemist McDonald. Officer Chavez testified that on such occasion he took fifteen $20 bills from appellant which he was holding in his hand.

Chemist Floyd E. McDonald, after identifying State's Exhibit No. One as the package which Officers Miller and Leonard delivered to him on the day in question, testified that he had examined its contents and it was shown to contain slightly over 20 grams of 22% pure cocaine hydrocloride, a narcotic drug.

As a witness in his own behalf, appellant testified that he had never seen the contents of State's Exhibit No. One and denied having seen or having had any dealings with Officer Shelton on the day in question.

The jury chose to accept the testimony of the state's witnesses and reject that of the appellant and we find the evidence sufficient to sustain the verdict.

Appellant predicates his appeal upon three contentions.

It is first contended that the court erred in refusing to require Officer Shelton to name his informer. Under the holdings of this court an officer is not required to name his informer. See Bridges v. State, 166 Texas Cr. Rep. 566, 316 S.W. 2d 757 and cases cited therein.

It is next contended that the court erred in admitting State's Exhibit No. One in evidence because it had not been sufficiently identified. Appellant's contention is based upon the fact that the cellophane package, which was introduced in evidence as

522

State's Exhibit No. One and identified by Officer Shelton as the one he purchased at St. Luke's hospital parking lot, was shown to have been delivered to Chemist McDonald in an envelope which contained a notation "Bought at the Methodist Hospital." While the envelope in which State's Exhibit No. One was delivered to the chemist bore such notation, the officers' testimony positively identified State's Exhibit No. One as the package which appellant delivered to Officer Shelton at the St. Luke's parking lot on the occasion in question and was sufficient to authorize its admission in evidence.

Appellant's remaining contention is that the court erred in failing to instruct the jury in his charge that Officer Shelton was an accomplice as a matter of law and to instruct the jury as to its right to convict upon accomplice testimony. Complaint is also made to the court's instruction relative to the indictment being no evidence of guilt. An examination of the record does not reflect that appellant, either by objection or requested charge, made any complaint to the court's charge as given and in the absence thereof appellant's complaints to the charge are not properly before us. Nesbit v. State, 165 Texas Cr. Rep. 336, 306 S.W. 2d 901.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.