## E. L. AVANTS V. STATE

No. 33,076. March 1, 1961

Motion for Rehearing Overruled April 5, 1961

*W. D. Hollars,* Plainview, for appellant.

*Steve Hurt,* County Attorney, Plainview, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge

Selling whisky in a dry area is the offense, with punishment assessed at a fine of $1,000 and confinement in jail for one year.

According to the testimony of Bobby A. Tippett, an undercover agent for the Texas Liquor Control Board, appellant sold him a pint of whisky for $5, at approximately 2:40 o'clock on the afternoon of April 2, 1959, in the 500-block of Cedar Street in Plainview. Delivery was made by taxicab. The sale was made following the witness' phoned request, taken by the dispatcher at the cab company, that appellant come to the Cedar Street address. The witness stated that he had purchased whisky from appellant the day before, also.

Appellant testified that, according to the cab company records, he made no calls on the afternoon of April 2nd from 1:10 thru 4:37 o'clock.

According to appellant's further testimony, Lloyd Dunlap, an inspector for the Texas Liquor Control Board, drove to the radio shop where he (appellant) had gone, on April 8, 1959, to have a company radio repaired. When Dunlap said to him, on this occasion, that he was "selling whisky to the wrong man" appellant replied, "I ain't been selling whisky to nobody." Appellant testified that the witness Tippett, who was also present, then said that he had bought whisky from him "not fifteen minutes ago."

Appellant denied such sale, stating that he had been at the radio shop for two hours while his radio was being repaired.

It was the testimony of the operator of the radio shop that on April 8th appellant had brought in a radio for repair; that he worked on it from about 1 to 3 o'clock in the afternoon; but that he did not recall whether appellant stayed in the shop all that time.

The dispatcher for the cab company testified that appellant had left the cab stand about 1 or 1:15 o'clock on the afternoon of April 8th to take a radio to a repair shop.

Appellant contends that the evidence is insufficient to support the conviction, and complains that the information alleges the sale was made on April 2, 1959, but the proof showed that the sale, if any, was made on April 8 of that year. He also complains of the charge of the court, stating that the conviction could be had for any time within two years prior to the presentment of the information.

The state may prove that the offense was committed on or about the time alleged in the information, at any time so long as it was anterior to the filing of the information and within the period of limitation. Wiley v. State, 163 Tex. Cr. R. 513, 294 S.W. 2d 118; Madley v. State 165 Tex. Cr. R. 83, 307 'S.W. 2d 584; Branch's 2d Edition, Sec. 459, p. 457.

The trial court correctly charged on the law of limitations, and no error is shown.

Appellant objected to the court's charge in not defining the word "sale." Failure to define "sale" does not constitute reversible error. Young v. State 92 Tex. Cr. R. 277, 243 S.W. 472.

The jury chose to accept the state's testimony.

The evidence being sufficient to support the conviction, the judgment is affirmed.