**John E. NEAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36448.

Court of Criminal Appeals of Texas.

Jan. 29, 1964.

Rex Emerson, Houston (Court Appointed Attorney on Appeal Only), for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James I. Smith, Jr. and Jon N. Hughes, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is murder; the punishment, 30 years confinement in the State Penitentiary.

Appellant was jointly indicted with three others, but severance was granted and appellant was tried alone.

Since this is a companion case to that of James Stafford Harris, Harris v. State, Tex.Cr.App., 370 S.W.2d 886, recently affirmed by this court, the facts being substantially the same will only be briefly stated.

A group of 5 young men which included appellant, started an argument with deceased who was walking home on an empty street in the company of a young female companion. A fight ensued, deceased was kicked in the back and struck many blows by members of the group. Appellant's confession admits that he was among the group and that he personally hit deceased twice with a large board. Appellant, testifying in his own behalf, said he hit deceased around the shoulder and denied

striking deceased in the head with the board and further stated that he struck back in his own self-defense.

Appellant identified a board brought into the courtroom as resembling the board used by him in the affray.

Detective J. M. Thornton, a witness called by the state, testified that the board in question, when used as a club in the hands of a man the size and strength of appellant, in a swinging. and striking motion * * * with force against the head or body of another adult human being was a means that would be calculated to produce death.

The deceased did not die as a direct result of a blow to the head, but died five days later because of complications growing out of a fractured jaw and two fractured ribs which he sustained during the course of the assault upon him. From these fractures, according to expert medical testimony, there was released into the blood stream fat emboli which, when the emboli reached the lungs, caused an impairment of the pulmonary function which eventually caused death.

■ The jury resolved any conflict in favor of the state, and we find the evidence sufficient to support their verdict. Harris v. State, supra.

It is insisted by appellant that the trial court erred in not instructing a verdict of not guilty in that there was a fatal variance between the indictment and the proof adduced at the trial

■ The indictment alleges that the appellant killed Edward Holmes on or about the 16th day of June, 1962, and the evidence reflects that death occurred June 20th, 1962, and the indictment was returned on July 12, 1962. We cannot agree that this constitutes a fatal variance. The State was not bound by the date alleged in the indictment and could prove that the offense was committed before, on, or after the date alleged so long as the date was anterior to the presentment of the indictment. Rangel v. State, Tex.Cr.App., 352 S.W.2d 275; Mitchell v. State, 168 Tex.Cr.R. 606, 330 S.W.2d 459; Madeley v. State, 165 S.W. 2d 351, 307 S.W.2d 584.

■ Appellant's remaining contention, that the trial court committed error in failing to charge on specific intent to kill is also without merit as an examination of the record does not reflect that appellant, either by objection or requested charge, made any complaint to the court's charge as given. See Clough v. State, 161 Tex.Cr.R. 454, 278 S.W.2d 847, where it was stated, "In as much as appellant preserved no exceptions or objections to the charge of the court, we are not authorized to consider his contention that a charge of specific intent to kill should have been given." See also Campbell v. State, 168 Tex.Cr.R. 520, 329 S.W.2d 875, and Weeaks v. State, 163 Tex.Cr.R. 226, 289 S.W.2d 758.

Finding the evidence sufficient to sustain the verdict, and no reversible error appearing, the judgment is affirmed.