**Victor Gonzales SILVA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39419.**

Court of Criminal Appeals of Texas.

March 16, 1966.

Rehearing Denied May 4, 1966.

Charles W. Gill, Houston, for appellant.

Carol S. Vance, Dist. Atty., Ted Hirtz and F. M. Stover, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

This is an appeal from a conviction for a subsequent offense of violation, of the Uniform Narcotic Drug Act, with punishment assessed at 50 years.

The second count of the indictment, upon which the case was submitted to the jury, alleged the sale of heroin to John William Gober. A prior conviction for unlawful possession of heroin was alleged.

John William Gober testified that he had a telephone conversation with appellant during which appellant asked "What are you trying to do—score?" and said "Well, if you are trying to score, I have some stuff myself, here at the house." Gober replied that he probably did (want to score), that he would have to go talk to some other people and would go by his house, and appellant said he would wait at the house.

According to Gober's testimony, he then called Officer Tissue of the Houston Police

Narcotics Division and, following such conversation, met Officers Tissue and McMannes about 5 P.M.

The officers searched Gober and his car and found no narcotics. They then gave Gober $14.00 and instructed him to go by appellant's house and buy the heroin he had offered to sell to him.

Gober then drove to appellant's house. He "honked the horn" when he stopped and appellant came out and around the car to where he was sitting and said "Here is your stuff. Where is the money?"

Appellant then gave Gober a cellophane package in which were two capsules containing a white powder and Gober gave appellant the $14.00 which the officers had furnished him.

Gober then proceeded to the place the officers had instructed him to meet them, where he delivered the capsules to the officers who again searched his car and his person.

Gober's testimony was corroborated by the testimony of Officers Tissue and McMannes who, wearing sports shirts and riding in a borrowed car, kept Gober in sight and witnessed the sale, McMannes using field glasses.

Each of the capsules was shown by the testimony of Robert F. Crawford, Chemist and Toxicologist, to contain 65 grams of white powder which was 20 percent pure heroin.

Evidence was introduced in support of the allegation as to the prior conviction and appellant, testifying as a witness in his own behalf, admitted such conviction.

According to appellant's testimony, the transaction described in the testimony of Gober and the officers did not occur, though he did on one occasion when Gober was sick and wanted two capsules go with him to the water front and "just *done* him the favor of buying it for him and handing it to him."

■ The jury resolved the issues of fact against appellant and the evidence is sufficient to sustain their verdict.

There are no formal bills of exception or exceptions relating to the court's charge.

■ Gober having testified to his telephone conversation with appellant was asked, and answered: "Q. And did you have any discussion at that time as to his price? A. No sir. The price was understood, in other dealings I had with him. Q. And what had been the price?"

Appellant objected "to any other testimony as to dealings" and the trial judge sustained the objection and instructed the jury "not to consider that."

Appellant appears to have been satisfied with the court's ruling as he made no motion for mistrial. See Birdsong v. State, Tex.Cr.App., 387 S.W.2d 404; Matlock v. State, Tex.Cr.App., 373 S.W.2d 237; Padgett v. State, Tex.Cr.App., 364 S.W.2d 397; Bearden v. State, 169 Tex.Cr.R. 437, 334 S.W.2d 447.

The remaining claim of error relates to cross-examination of appellant as to whether he had ever bought heroin for others.

The objection that it was "extraneous testimony" was sustained; the question was not answered, and no instruction or motion for mistrial was requested.

No error appearing, the judgment is affirmed.