**Antoinette ANDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42398.**

Court of Criminal Appeals of Texas.

Oct. 22, 1969.

---

Murray L. Lieberman, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Wells Stewart, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is forgery of a charge slip; the punishment, 2 years' confinement in the Texas Department of Corrections.

On October 18, 1968, appellant waived trial by jury and entered a plea of guilty before the court. In a sworn instrument entitled "Stipulation of Evidence" filed among the papers of the cause appellant "judicially confessed" her guilt of the crime charged in the indictment.

No transcription of the court reporter's notes appears in the record, and no request for inclusion of the same appears to have been made by appellant who is and was represented by retained counsel. No question of indigency appears.

Appellant's three grounds of error assert: (1) that the indictment is defective because it does not contain the required extrinsic averments, (2) that the indictment is defective because the date alleged in the forged instrument is indefinite and at variance with the date set forth in the indictment and (3) that there is a fatal defect in the certification of the indictment.

Omitting the formal parts the indictment alleges the appellant

" * * * on or about the 29th day of February, A.D. 1968, in said County and State, did without lawful authority and with intent to injure and defraud, make a false instrument in writing, purporting to be the act of Mrs. Denver Lee Needham, which false instrument in writing so made was then and there of the tenor following:

(Photo copy of the forged sales slip).

*"Sakowitz, Incorporated is a corporation and carries on a business in Harris County, Texas, selling at retail, among other things, wearing apparel for men and women and children and other articles to be worn on the person, and in conducting such business uses sheets of paper known as charge slips to evidence sales* of merchandise and return of merchandise which are sold on credit and charged to the account of the person who purchases the article of merchandise on credit and orders the same charged. Denver Lee Needham was a person who had a charge account with the said Sakowitz, Incorporated, and if said false instrument in writing were true, it would have been in the hands of said Sakowitz, Incorporated evidence that said Denver Lee Needham was indebted to said Sakowitz, Incorporated for the sum of One Hundred Sixty-five and 14/100 dollars and would, if the same were true, have been evidence that said merchandise had been delivered to the said Denver Lee Needham and said false instrument in writing would, if the same were true, have created a pecuniary obligation upon the part of said Denver Lee Needham to pay to said Sakowitz, Incorporated the sum of One Hundred Sixty-five and 14/100 dollars in payment for said merchandise. And said instrument would, if the same were true, have affected property. Against the peace and dignity of the State." (Emphasis supplied.)

The appellant urges that the indictment fails to set forth essential explanatory averments which would allege a pecuniary loss to Denver Lee Needham. According to the appellant the indictment is silent as to any liability of Denver Lee Needham resulting from the alleged forgery.

Appellant appears to have based much of her argument on a photostatic copy of the indictment attached to her brief. Such copy does not contain the italicized portions of the indictment set out above which is contained in the record certified and approved under the provisions of Article 40.09, Vernon's Ann. C.C.P., and to which record appellant made no objection. Therefore, the indictment in the record is controlling. Exhibits, written statements, and photographs which are attached to briefs but not shown in the record will not be considered. Robertson v. State, 168 Tex.Cr.R. 35, 322 S.W.2d 620; Lucas v. State, Tex.Cr.App., 216 S.W.2d 820; Teniente v. State, 151 Tex.Cr.R. 438, 207 S.W.2d 379; Reeves v. State, 158 Tex. Cr.R. 27, 252 S.W.2d 468.

An examination of the above italicized portions of the indictment contained in the record, together with other averments, reveals that Sakowitz, Incorporated, is a corporation, that it sells wearing apparel, that it uses charge slips, that the charge slips represent sales on credit and that any credit sale is placed on the charge account of the person purchasing merchandise on credit and ordering the same charged. Thus, it is clear that the indictment does contain averments that Denver Lee Needham would be liable for any purchase made and charged to said account.

In 3 Branch's Ann.P.C., 2nd ed., Sec. 1577, p. 717, it states:

"If the instrument in writing alleged to be forged is not one of the ordinary instruments used in commercial transactions, but is contractual in form and depends on extrinsic facts to create or defeat a liability, such extrinsic facts should be alleged in the indictment."

■ Although the sales slips or charge slips are not ordinary commercial instruments, the averments of the indictment, when considered together, sufficiently set forth the pecuniary relationships between Sakowitz, Inc., and Denver Lee Needham, particularly that Denver Lee Needham would be liable for any purchases made and charged to said account. Further, the allegations in this indictment are substantially the same as those found in 3 Branch's Ann.P.C., 2nd ed., Sec. 1575, p. 714.

Appellant's reliance on Cagle v. State, 39 Tex.Cr.R. 109, 44 S.W. 1097, is misplaced. In Cagle the indictment failed to set forth allegations which would have established the existence of a landlord's lien. In the case before us, although the pecuniary obligation of Denver Lee Needham does not appear from the allegedly forged instrument itself, it does clearly appear in the extrinsic allegations of the indictment. Mitchell v. State, 168 Tex.Cr.R. 606, 330 S.W.2d 459; Chimene v. State, 133 Tex.Cr.R. 43, 106 S.W.2d 692.

Ground of error #1 is overruled.

■ Next appellant contends that the indictment is fatally defective because the date alleged in the indictment as the date of the offense is at variance with the date of the charge slip set forth in the body of the indictment. The indictment alleges the offense occurred "on or about the 29th day of February, A.D. 1968" and the date set forth on the charge slip is "2/29." While the year was not included in the date on the charge slip, it is not inconsistent with the other allegations of the indictment nor does it reflect a date barred by limitation. Further, an instrument need not contain a date to be the subject of forgery. Rivas v. State, 169 Tex.Cr.R. 625, 336 S.W.2d 938; Daily v. State, 135 Tex.Cr.R. 655, 122 S.W.2d 628.

We further observe that in the stipulation of evidence which appears in the record appellant "judicially confessed" she forged the charge slip in question on February 29, 1968.

Moreover, as stated in 1 Branch's Ann. P.C., 2nd ed., Sec. 459, p. 457:

"The State is not bound by the date alleged and may prove that the offense was committed before, on, or after the date alleged, if the date proven be a date anterior to the presentment of the indictment or information and not so remote as to be barred by limitation." See also Glenn v. State, Tex.Cr.App., 436 S.W.2d 344; Neal v. State, Tex.Cr.App., 374 S.W.2d 668; Avants v. State, 171 Tex.Cr.R. 45, 344 S.W.2d 447; Wiley v. State, 163 Tex.Cr.R. 512, 294 S.W.2d 118; 21A Tex.Digest, Indictment and Information, Key No. 176.

The indictment in the case at bar was presented on April 15, 1968, and the statute of limitation applicable to forgery prosecution is ten years. Article 12.01, V.A.C.C.P.

Appellant's reliance upon Suzuki v. State, Tex.Cr.App., 280 S.W.2d 744, where the indictment alleged that the offense (unlawfully operating a pool hall) occurred "on or about the 30th day of October, A.D. 19___" is completely misplaced.

Ground of error #2 is overruled.

It is difficult to understand appellant's final contention. It is either that she never received a properly certified copy of the indictment as required by Article 25.01, V.A.C.C.P., or that the indictment filed was never properly certified. Her specific assertion is that the name R. J. Lindley, former District Clerk of Harris County, appears on the certification when it should have contained the name of Ray Hardy, the present District Clerk.

First, we observe that Article 25.01, supra, relating to the service of a certified copy of the indictment, pertains to felony cases where the accused is in custody.

The record before us reflects appellant was released on bail following the filing

of a complaint charging forgery on March 4, 1968, prior to the indictment. She is still at large on this same bail bond.

Article 25.03, V.A.C.C.P., provides:

"When the accused, in case of felony, is on bail at the time the indictment is presented, it is not necessary to serve him with a copy, but the clerk shall on request deliver a copy of the same to the accused or his counsel, at the earliest possible time."

 Therefore, it was not necessary to serve the appellant, who was on bail, with a certified copy of the indictment. 30 Tex. Jur.2d, Indictment and Information, Sec. 7, p. 543. Further, we find nothing in the record to indicate that the clerk refused appellant's request for a copy of the indictment nor do we understand the appellant to so contend. The record reflects that prior to her guilty plea appellant announced ready for trial, was duly arraigned, and subsequently waived the formal reading of the indictment, and the trial was had.

In 30 Tex.Jur.2d, Indictment and Information, Sec. 8, p. 544, it is stated:

"An objection that the copy is not correct must be made before announcement of ready for trial, and any irregularity in the copy is waived when the accused proceeds to trial without calling the court's attention thereto."

If the appellant was served with a copy of the indictment improperly certified to, we note it is not in the record before us.

On the backside of the indictment contained in the record (Certified to by Hon. Ray Hardy, District Clerk of Harris County) and shown to have been presented in open court and filed by a deputy of the said Ray Hardy, is a printed form for certification of such instrument. Such form contains the printed name of R. J. Lindley as District Clerk, but such form is not shown to have been filled in, used or signed in any way.

We know of no requirement that an indictment properly presented and filed must also contain a certification to be valid.

We find appellant's contention without merit.

Ground of error #3 is overruled.

The judgment is affirmed.