**Roy Henry EASLEY, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44671.**

Court of Criminal Appeals of Texas.

April 5, 1972.

Brock Huffman, of Huffman, Rutherford & Rutherford, San Antonio, for appellant.

Ted Butler, Dist. Atty. and Antonio G. Cantu, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for the sale of heroin, with the punishment assessed by the jury at 35 years' confinement.

■ Appellant's first ground of error complains that, "The trial court erred in denying defendant's motion for a new trial because the evidence was insufficient to sustain the jury's verdict."

The evidence discloses that Jerry Rangel was an undercover agent for the San Antonio Police Department. He testified that on the date alleged in the indictment he purchased a capsule of heroin from the appellant for the sum of $3.25. He further testified that the purchase was made in the city of San Antonio. He identified the appellant as being the man from whom he purchased the heroin. Chain of custody was established from Rangel to the city chemist who testified that the substance contained in the capsule was heroin.

Appellant, testifying in his own behalf, said that he had seen Officer Rangel in the block where the heroin allegedly was purchased on several occasions, but that he had never talked with Rangel and did not sell him any heroin.

The main thrust of appellant's argument is that the State offered only the testimony of Rangel to show the sale and that his testimony was uncorroborated.

One of the cases cited by appellant is Silva v. State, 401 S.W.2d 604 (Tex.Cr. App.1966). In that case there were corroborating witnesses but there is no indication in that case that the results would have been different had there been no corroboration. There is nothing in the facts of this case to raise the question of whether or not Rangel was an accomplice. There was no request that the court charge on accomplice witnesses. In Jones v. State, 427 S.W.2d 616 (Tex.Cr.App.1968), this Court held that:

"An undercover agent is not an accomplice witness so long as he does not bring about the crime but merely obtains evidence to be used against those engaged in the traffic."

See also Clark v. State, 398 S.W.2d 763 (Tex.Cr.App.1966); Aguero v. State, 164 Tex.Cr.R. 822, 298 S.W.2d 822 (1957).

■ The jury had before it two opposing versions of the events on the day in question and it chose to accept the testimony of Rangel and reject that of appellant. It is the province of the jury to pass on the credibility of the witnesses and the weight to be given their testimony. Lee v. State, 465 S.W.2d 942 (Tex.Cr.App.1971). The testimony of Rangel was sufficient to support the conviction. Campbell v. State, 168 Tex.Cr.R. 520, 329 S.W.2d 875 (1959); Criswell v. State, 171 Tex.Cr.R. 206, 346 S.W.2d 341 (1961); Lee v. State, supra.

■ Appellant's second ground of error complains, "The trial court committed reversible error by permitting the State to allege that the defendant had been previously arrested or convicted of separate crimes." Evidently, this complaint is in regard to the testimony of appellant on cross-examination.

"A  I was in Los Angeles immediately before leaving.

"Q  All right. Well, just then, immediately before you left where were you?

"A  Are you pertaining to—are you asking me a question pertaining to my being civilly committed to the hospital there in Los Angeles?

"Q  I am asking you if as a matter of fact you weren't arrested out there, charged with possession of heroin in Los Angeles?

"A  No, I wasn't. I was not.

"Q  You were never arrested—

"A  I was arrested in Los Angeles under a civil commitment, sentenced to the hospital for drug addicts.

"Q  And whenever you left that hospital for drug addiction, they told you to report back to them in case you

ever wanted to leave California, isn't that right?

"A Report back to them?

"Q You were told by those doctors, whenever—

"MR. HUFFMAN: Your Honor, I object to this as being a conclusion on what these doctors would tell him.

"THE COURT: Sustained."

There being no objection to the questions or answers concerning the extraneous offense, no error is preserved.

 Appellant's third ground of error complains that, "The trial court committed reversible error in allowing the State, over defendant's objections, to make improper, prejudicial, and inflammatory remarks in questioning the defendant, which amounted to a denial of fair trial before an impartial jury as guaranteed by the Sixth Amendment to the Constitution of the United States and Article 1, Section 10, of the Constitution of Texas, [Vernon's Ann.St.]" Appellant's complaint goes to the testimony just quoted which was not objected to and further to the following question:

"Q All right. After you got out of that hospital you continued to deal in heroin—at least buying it. You contend you didn't sell it, at least you bought it.

"MR. HUFFMAN: Your Honor, I object to that question.

"THE COURT: Sustained."

The first part of the testimony complained of was not objected to, the second part complained of was objected to, and the objection was sustained and no further relief was requested by appellant. Thus, any error was waived.

There being no reversible error, the judgment of the trial court is affirmed.