**Ricardo Fernando STEELE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–83–160–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 19, 1984.

Discretionary Review Refused Oct. 31, 1984.

**130**

Ruben Guerrero, Terrence Gaiser, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

At trial, Ms. Cynthia Glass represented the State, while Ms. Jane Wynegar and Mr. Ruben Guerrero represented appellant.

Appellant was convicted, by jury, of delivery of the controlled substance cocaine. The trial court assessed punishment at twenty-five years incarceration. Appellant raises three grounds of error; one ground attacks the jury charge, and two grounds attack the sufficiency of the evidence. We sustain appellant's second ground of error and reverse. Our disposition of this appeal necessitates discussion of only ground of error two. Therefore, grounds of error one and three will not be addressed.

In his second ground of error, appellant argues that the evidence is insufficient to show that the substance delivered was cocaine. We agree.

When examining the sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the verdict. The jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given testimony. *Garza v. State,* 622 S.W.2d 85 (Tex.Crim.App.1980). In reviewing the record, an appellate court may consider all of the evidence whether presented by the defendant or the State. *Drager v. State,* 548 S.W.2d 890 (Tex.Crim.App.1977). Clearly, the State must prove every element of the offense beyond a reasonable doubt. *Memet v. State,* 642 S.W.2d 518 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd).

The Controlled Substances Act provides, in pertinent part, that "a person commits an offense if he knowingly or intentionally ... delivers ... a controlled substance listed in Penalty Group 1." Tex.Rev.Civ.Stat. Ann. art. 4476-15, § 4.03(a) (Vernon Supp. 1984). Cocaine is listed in Penalty Group 1, and delivery of cocaine which is, "by aggregate weight, including any adulterants or dilutants, less than 28 grams" is "a felony of the first degree." *Id.* §§ 4.02(b)(3)(D) and 4.03(b).

On November 29, 1982, appellant sold a plastic bag of white powder to Houston Police Officer, K.G. Blair, for $50.00. On direct examination by the prosecutor, offi-

cer Blair's partner, W.T. Reeves, identified the white powder as cocaine, to wit:

Q. What happened after your vehicle was approached by the Defendant in this case?

A. He sold my partner a package of white powder substance he referred to as cocaine.

Carolyn Gamble, a drug chemist from the Houston Police laboratory, testified during the trial. However, the State never elicited testimony from Gamble to establish that the white powder sold to officer Blair had been determined to be cocaine.

 Article 4476–15 requires the controlled substance to be clearly identified; the guilt of the accused as well as the punishment scheme of Article 4476–15 is dependent upon the nature of the controlled substance involved. When identification of property is necessary to support a conviction, the identification must be made by competent and sufficient evidence. 25 Tex.Jur.3d *Criminal Law* § 3452 (1983). *See Campbell v. State*, 168 Tex.Crim. 520, 329 S.W.2d 875 (1959). As in *Campbell*, the State should have elicited testimony from the chemist to show that the white powder in question was cocaine, if so, and to show its weight, if any. 329 S.W.2d at 876.

Officer Reeves' testimony is the only evidence in the record which even tends to identify the white powder in question as cocaine. Even if Officer Reeves' testimony is considered to establish an extrajudicial admission of appellant, it is insufficient to prove that the substance delivered was cocaine.

"Admissions are rarely conclusive of the facts stated." 25 Tex.Jur.3d *Criminal Law* § 3438 (1983). An extrajudicial admission or confession must be corroborated by other evidence tending to establish the material elements of the offense. *See Brown v. State*, 576 S.W.2d 36 (Tex. Crim.App.1979); *Martinez v. State*, 387 S.W.2d 673 (Tex.Crim.App.1965). Absent any corroborative evidence beyond Officer Reeves' testimony, proving the white pow-

der to be cocaine, the conviction cannot stand.

Having found the evidence insufficient to support the conviction, no further prosecution can be lodged in this case. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Bryant v. State*, 574 S.W.2d 109 (Tex.Crim.App.1978).

The judgment is reversed and remanded; it is ordered that a judgment of acquittal be entered in the trial court.