

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00103-CR

TEDRICK KANARD EDWARDS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 21F0589-202

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

A Bowie County jury convicted Tedrick Kanard Edwards of aggravated assault with a deadly weapon causing serious bodily injury.[1] Edwards now appeals, alleging his trial counsel was ineffective for not objecting to amendments to the indictment. We find that Edwards has not met the burden described in *Strickland v. Washington*[2] and overrule his point of error.

## I.       Background

The State indicted Edwards on September 9, 2021.[3] On March 30, 2022, the trial court granted the State's motion to amend the indictment by correcting the name of the alleged victim. At trial, before Edwards was arraigned in front of the jury, the State announced that it was abandoning the indictment's allegation that the victim was a member of Edwards's family or household or someone with whom Edwards had had a dating relationship. Edwards announced that he had no objection. The jury found Edwards guilty of aggravated assault causing serious bodily injury with the use or exhibition of a deadly weapon. Following the jury's recommendation, the trial court assessed a sentence of fifteen years' imprisonment. Edwards appeals.

## II.      Ineffective Assistance of Counsel Standard of Review

Edwards complains that his trial counsel was ineffective because he made no objection to an amendment to the indictment several weeks before trial then failed to object to the State's

---

[1]*See* TEX. PENAL CODE ANN. § 22.02 (Supp.).

[2]*Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

[3]The indictment charged Edwards with aggravated assault by causing serious bodily injury while using or exhibiting a deadly weapon against a person who was a member of Edwards's household or family or with whom he had had a dating relationship. *See* TEX. PENAL CODE ANN. § 22.02(b)(1); TEX. FAM. CODE ANN. §§ 71.0021, 71.003, 71.005.

abandonment of one of the indictment's allegations on the day of trial.  We overrule Edwards's point of error.

"As many cases have noted, the right to counsel does not mean the right to errorless counsel."  *Lampkin v. State*, 470 S.W.3d 876, 896 (Tex. App.—Texarkana 2015, pet. ref'd) (citing *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006)).  "[T]o prevail on a claim of ineffective assistance of counsel, [the defendant] must satisfy the two-pronged test set forth in *Strickland*[, 466 U.S. at 687–88]."  *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (orig. proceeding).  "A failure to make a showing under either prong defeats a claim for ineffective assistance."  *Lampkin*, 470 S.W.3d at 897 (citing *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003)).

The first prong requires a showing "that counsel's representation fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 688.  This requirement can be difficult to meet since there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  As a result, the Texas Court of Criminal Appeals has said that "[t]rial counsel 'should ordinarily be afforded an opportunity to explain his actions before being'" found ineffective.  *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

When an appellate record is silent on why trial counsel failed to take certain actions, the appellant has "failed to rebut the presumption that trial counsel's decision was in some way—be it conceivable or not—reasonable."  *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); *see Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).  This is because allegations

3

of ineffectiveness "must 'be firmly founded in the record.'" *Bone v. State*, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002) (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). When a party raises an ineffective assistance of counsel claim for the first time, on direct appeal, the defendant must show that "under prevailing professional norms," *Strickland*, 466 U.S. at 688, no competent attorney would do what trial counsel did or no competent attorney would fail to do what trial counsel failed to do, *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).

## III.    Analysis

Edwards first argues that he was not personally served with the motion to amend and the order amending the indictment and that the lack of personal service constituted ineffective assistance. However, the State's motion had a certificate of service stating that the motion to amend the indictment was served on Edwards's counsel on March 30, 2022, the same day the motion was filed. The trial court's order granting the amendment and the amended indictment were also marked "filed" on March 30, 2022. Edwards does not contest this.

The initial indictment must be personally served upon the accused if he is in custody. *See* TEX. CODE CRIM. PROC. ANN. art. 25.01. If the defendant has been indicted for a felony and released on bond, the indictment must be "deliver[ed]. . . to the accused or the accused's counsel at the earliest possible time." TEX. CODE CRIM. PROC. ANN. art. 25.03 (Supp.). However, the Texas Code of Criminal Procedure only requires that a defendant be *notified* of an amended

indictment. *See* TEX. CODE CRIM. PROC. ANN. art. 28.10. As a result, there is no requirement for personal service on a defendant of an amended indictment.[4]

Next, we find meritless Edwards's argument that trial counsel should have objected when the State abandoned the allegation in the indictment that the victim was someone in Edwards's household or family or someone with whom he had been in a dating relationship. "[N]ot every alteration to the face of the charging instrument is an amendment." *Eastep v. State*, 941 S.W.2d 130, 132 (Tex. Crim. App. 1997), *overruled on other grounds by Riney v. State*, 28 S.W.3d 561 (Tex. Crim. App. 2000), and *Gollihar v. State*, 46 S.W.3d 243 (Tex. Crim. App. 2001). "[T]he State can abandon an element of the charged offense without prior notice and proceed to prosecute a lesser-included offense." *Grey v. State*, 298 S.W.3d 644, 650 (Tex. Crim. App. 2009). "An abandonment . . . does not affect the substance of the charging instrument." *Bates v. State*, 15 S.W.3d 155, 161 (Tex. App.—Texarkana 2000, pet. ref'd) (citing *Eastep*, 941 S.W.2d

---

[4]Before 2017, Article 25.03 expressly stated that personal service on the accused was not required when the accused was out on bail. In 1969, the Texas Court of Criminal Appeals held that "it was not necessary to serve" a defendant out on bail with a copy of the indictment. *Anderson v. State*, 445 S.W.2d 752, 756 (Tex. Crim. App. 1969). The Texas Court of Criminal Appeals came to that conclusion based on the then-current language of Article 25.03, which stated:

> "When the accused, in case of felony, is on bail at the time the indictment is presented, *it is not necessary to serve him with a copy*, but the clerk shall on request deliver a copy of the same to the accused or his counsel, at the earliest possible time."

*Id.* (quoting Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, art. 25.03, 1965 Tex. Gen. Laws 317, 424 (emphasis added)).

However, in 2017, the Legislature amended Article 25.03 and, in so doing, took out the language "it is not necessary to serve him with a copy . . . ." Act of May 20, 2017, 85th Leg., R.S., ch. 950, § 3.03, 2017 Tex. Gen. Laws 3801, 3805 (eff. Sept. 1, 2017). We do not perceive in this any intent by the Legislature to mandate personal service. To the contrary, the amended statute maintains a "shall" provision directing what must be done. What has changed is that, under the revised statute, the accused no longer needs to request a copy of the indictment. Instead, a copy must be provided "to the accused *or the accused's counsel* at the earliest possible time." TEX. CODE CRIM. PROC. ANN. art. 25.03 (emphasis added).

at 133).  As a result, when the State deletes an allegation in the indictment that amounts to charging the defendant with a lesser-included offense, such an act is an abandonment of an element, not an amendment of the indictment.  *See Eastep*, 941 S.W.2d at 132–33.

The State initially charged Edwards with aggravated assault causing serious bodily injury while using or exhibiting a deadly weapon against a person who was a member of Edwards's family or household or with whom Edwards had had a dating relationship.  That offense was a first-degree felony.  *See* TEX. PENAL CODE ANN. § 22.02(b)(1).  After the State abandoned the allegation of family, household, or dating relationship, Edwards stood charged with aggravated assault by committing serious bodily injury while using or exhibiting a deadly weapon, a second-degree offense.  *See* TEX. PENAL CODE ANN. § 22.02(b).  Because this offense subjected Edwards to a lesser punishment range and eliminated one of the required elements of the amended indictment, the second-degree offense was a lesser-included offense of aggravated assault.  *See* TEX. CODE CRIM. PROC. ANN. art. 37.09(1); *Jacob v. State*, 892 S.W.2d 905, 909 (Tex. Crim. App. 1995).

Edwards complains on appeal that trial counsel failed to object when the indictment was read to the jury without the relationship element.  He argues that "[a]ny reasonable attorney would have followed the reading of the indictment and noticed a difference in the wording which [would] trigger[] an objection."

Edwards has not shown that the complained-of aspect of his trial counsel's performance was deficient.  Edwards does not explain what objection should have been made, and he does not establish that the trial court would have erred to overrule such an objection.  "[I]n order to argue

6

successfully that . . . trial counsel's failure to object . . . amounted to ineffective assistance, appellant must show that the trial judge would have committed error in overruling such an objection." *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996) (per curiam). Because there was nothing objectionable about the State's abandonment of one of the indictment's allegations, counsel could not have been ineffective for failing to object. "[T]rial counsel is certainly not ineffective for failure to make meritless objections." *Tutt v. State*, 940 S.W.2d 114, 118 (Tex. App.—Tyler 1996, pet. ref'd) (citing *Riles v. State*, 595 S.W.2d 858, 861 (Tex. Crim. App. 1980)).

"Failure to satisfy either prong of the *Strickland* test is fatal." *Johnson v. State*, 432 S.W.3d 552, 555 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006)).

Edwards has failed to demonstrate ineffective assistance of trial counsel. We overrule Edwards's point of error.

## IV.    Modification of Judgment

"This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of

7

whether a party has or has not objected in the trial court." *Id.* (quoting *Asberry*, 813 S.W.2d at 529–30).

We observe that the trial court's judgment states that Edwards was convicted of first-degree aggravated assault. As explained above, that is incorrect. "We have the authority to reform the judgment to make the record speak the truth when the matter has been called to our attention by any source." *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.) (citing *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992)). We modify the judgment to reflect that Edwards was convicted of second-degree aggravated assault with a deadly weapon.

As modified, we affirm the trial court's judgment.


                                        Jeff Rambin
                                        Justice


Date Submitted:     February 7, 2023
Date Decided:       May 10, 2023

Do Not Publish