**In the Matter of R.B.**

**No. 13–85–184–CV.**

Court of Appeals of Texas, Corpus Christi.

Sept. 19, 1985.

Armando L. Reyna, Corpus Christi, for appellant.

Paula Wyatt, Asst. Co. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

DORSEY, Justice.

This is an accelerated appeal from the revocation of probation of a juvenile. Appellant, who had been adjudicated a delinquent, was found to have violated the terms of her probation and her probation was revoked and she was committed to the custody of the Texas Youth Commission. We affirm.

On February 15, 1985, appellant was adjudicated a delinquent. At the subsequent disposition hearing, appellant was placed on probation for a period of one year. As a condition of probation appellant was placed with the Coastal Bend Youth City and was ordered to abide by the rules and regulations of that facility. On March 4, 1985, a petition was filed by the State of Texas against appellant alleging she had violated the terms of her probation by failing to abide by the rules and regulations of the Coastal Bend Youth City. On March 4, 1985, a hearing was conducted at the conclusion of which appellant's probation was revoked and she was ordered into the custody of the Texas Youth Commission.

In her first point of error, appellant complains that the trial court erred in not adequately determining whether appellant had knowingly and intelligently waived her right to a jury trial. In *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), the United States Supreme Court held that the United States Constitution requires the States to make jury trials available in all criminal prosecutions in which the potential punishment exceeds six months imprisonment. However, in *McKeiver v. Pennsylvania*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971), the United States Supreme Court held that the United States Constitution does not require states to provide jury trials in any juvenile cases, but they are free to do so under state law if they wish.

TEX.FAM.CODE ANN. Sec. 54.-03(c) (Vernon Supp.1985) provides for jury trials in Texas juvenile cases as follows: "trial shall be by jury unless jury is waived in accordance with Sec. 51.09 of this code." This language applies only to adjudication hearings. Sec. 54.03(c) adopts the criminal rule as to the right to a jury trial in juvenile cases by providing that the trial will be to a jury unless the jury is waived in compliance with Sec. 51.09. In this respect, it should be noted that the child, as well as the attorney, must waive the right to trial by jury. *See V.C.H. v. State*, 630 S.W.2d 787 (Tex.App.—Houston [1st Dist] 1982, no writ).

Prior to the enactment of the present Family Code, the law in Texas governing waiver of rights by juveniles was developed by the Courts on a case-by-case basis. Although lawyers made the argument that a juvenile lacks legal capacity to waive rights, the position was rejected by the courts. Instead, courts decided whether a particular waiver of rights was valid on an individualized basis taking all circumstances into account. *Garza v. State*, 469 S.W.2d 169 (Tex.Crim.App.1971).

When the bill containing title 3 was introduced in 1973, it provided in Sec. 51.09 that a juvenile could waive legal rights if the waiver was concurred in by a parent,

guardian, guardian ad litem, or attorney of the child. The legislature eliminated references to all but the child's attorney, thus requiring the concurrence of an attorney to waive rights. TEX.FAM.CODE ANN. Sec. 51.09(a) (Vernon Supp.1985) in its present form, provides as follows:

Unless a contrary intent clearly appears elsewhere in this title, any right granted to a child by this title or by the constitution or laws of this State or the United States may be waived in proceedings under this title if:

(1) the waiver is made by the child and the attorney for the child;

(2) the child and the attorney waiving the rights are informed of and understand the right and the possible consequences of waiving it;

(3) the waiver is voluntary;

(4) the waiver is made in writing or in court proceedings that are recorded.

Turning now to the record in this case we find that the appellant and her attorney executed a written waiver of jury trial. Additionally, we find that the trial court questioned appellant concerning her written waiver of jury trial and that appellant again in open court affirmatively acknowledged that she did not want a jury trial. It is conclusively established by the record before this Court that the appellant and her attorney waived the right to a jury trial in writing; that the child and the attorney were informed of and understood the consequences of the waiver of a jury trial; that the waiver was voluntarily made by the appellant and her attorney; and that such waivers appear both in writing and in the record of the hearing. Appellant's first point of error is without merit and is overruled.

In her second point of error appellant complains that the trial court erred in committing appellant to the Texas Youth Commission. It is appellant's argument that based on the evidence offered at the hearing on disposition of the child the trial court abused its discretion in committing the child to the Texas Youth Commission. TEX.FAM. CODE ANN. SEC. 54.04(d)(2) (Vernon Supp.1985) specifically provides that upon a finding by the court at the adjudication hearing that the child engaged in delinquent conduct, the court may commit the child to the Texas Youth Commission.

As a general rule, juvenile courts are granted broad powers and discretion in the disposition of juveniles who have been adjudicated delinquents. *In the Matter of E.F.*, 535 S.W.2d 213 (Tex.Civ.App.—Corpus Christi 1976, no writ); *In the Matter of P.A.O.*, 530 S.W.2d 902 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ). There was adequate evidence in the record to support the trial court's findings that she had violated several of the rules of Coastal Bend Youth City, including her attacking another juvenile resident and then threatening her with a sharp instrument. The testimony of the child's probation officer clearly indicated that the probation officer's professional opinion was that the appellant needed the requisite strict environment to be found at the Texas Youth Commission. We cannot say that the trial court abused its discretion in committing the child to the Texas Youth Commission. Appellant's second point of error is overruled.

The judgment of the trial court is AFFIRMED.