Matias HERNANDEZ, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 373–84.

Court of Criminal Appeals of Texas, En Banc.

Oct. 30, 1985.

Rolando Garcia, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Alvin M. Titus, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., and Alfred Walker, First Asst., State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was charged by indictment with the offense of possession of heroin. Appellant pled not guilty to the trial court. The State offered into evidence a transcript of the hearing on appellant's motion to suppress. This was accepted into evidence without objection from the appellant. The trial court found appellant guilty and punishment was assessed at eight years confinement, probated, and a $2,000 fine.

We granted the State's Petition for Discretionary Review to determine the correctness of the Court of Appeals' holding that the evidence was insufficient to prove appellant guilty of possession of heroin. *Hernandez v. State,* 665 S.W.2d 842 (Tex. App.—Corpus Christi [13th] 1984). We reverse.

The State brings forth in its petition four grounds for review. Because of our disposition of the first ground, i.e., sufficiency of the evidence, we find it unnecessary to discuss the remaining three grounds. Officer Farrar, a sixteen year veteran narcotics officer, testified, without objection, that when he approached appellant's vehicle he saw the appellant holding a syringe, in plain view. He then asked appellant to get out of his vehicle. As appellant exited the vehicle, Officer Farrar noticed a piece of tinfoil. Farrar asked appellant his name and read him his rights; he then asked appellant what was in the tinfoil and appellant responded "stuff." Officer Farrar then testified that "stuff" was a term meaning heroin.

The court of appeals held that the testimony of Farrar identifying the substance as "stuff" was insufficient to prove that the substance was heroin, citing *Duran v. State,* 552 S.W.2d 840 (Tex.Cr.App.1977).

We need not decide whether the term "stuff" and the resultant testimony pertaining to "stuff" is sufficient to prove that the substance appellant possessed was heroin, for we find that the unobjected-to testimony of Farrar establishes that appellant identified the "stuff" as heroin:

"Q. [By Mr. Leeper, Assistant District Attorney]: And this defendant told you that the substance was heroin?

"A. [Farrar] Yes, sir."

Record on Appeal, Vol. II, p. 15.

Appellant did not object to this testimony, nor did he attempt to refute the officer's testimony that appellant said it was

heroin. A witness's testimony that the defendant said he possessed heroin is direct evidence of that fact. See *Bright v. State,* 556 S.W.2d 317 (Tex.Cr.App.1977); *Stein v. State,* 514 S.W.2d 927, 933–934 (Tex.Cr. App.1974).

The court of appeals erroneously relied upon *Duran,* supra. *Duran,* however, stands for the proposition that a lay-person (e.g., a police officer) cannot testify that a certain substance is heroin. This, however, does not prevent a witness from testifying that the appellant *told him [the witness] that a substance was heroin.* [emphasis added]

The critical factor to be noted is the difference between the statement of an opinion and the statement of a fact. In *Duran,* the evidence was offered as an opinion, while in *Bright,* supra, *Stein,* supra, and the case at bar, the evidence was offered as a statement of fact. Indeed, in the instant case, the appellant himself offered the statement to Farrar as fact. Viewed in the light most favorable to the prosecution, we find that the evidence is sufficient to prove, beyond a reasonable doubt, that appellant knowingly and intentionally possessed heroin.

We will reverse the judgment of the court of appeals and remand this cause to that court for consideration of appellant's remaining grounds of error.

CLINTON and TEAGUE, JJ., dissent.

MILLER, J., concurs.