OPINION
NYE, Chief Justice.
This is an appeal from a conviction for heroin possession. The trial court found appellant guilty and assessed punishment at imprisonment for eight years, probated, and a fine of $2,000.00.
The Court of Criminal Appeals, in Hernandez v. State, 698 S.W.2d 679 (Tex.Crim.App.1985), found the evidence sufficient to convict appellant and remanded the case to this Court for consideration of appellant’s second ground of error. In this ground, appellant claims that the trial court erred in denying his motion to suppress because the police had no probable cause to arrest him since he was not specifically named in a search warrant and was three blocks away from the house named in the search warrant when he was arrested. We affirm.
Officer J.E. Farrar, a narcotics officer for the Houston Police Department, testified that, on the day of appellant’s arrest, officers had set up surveillance at a residence on Bauman Road in Houston. The officers had obtained information that a resident was selling heroin from the house and away from the house. While they were watching the house, having the knowledge that an arrest warrant had been issued, they saw appellant drive up to the house, stay a few minutes and leave. According to Farrar, appellant fit the description of Eulogio Garza, the individual named in the arrest warrant. They followed appellant’s vehicle until appellant drove into a parking area in front of a church and stopped. The officer testified that he got out of the car and, as he approached the van, he saw a syringe in appellant’s hand. He asked appellant to get out of the car. As appellant was exiting the vehicle, Far-rar observed a piece of tin foil on the median beside the driver which he suspected was “paper wrapped as heroin.” According to Officer Farrar, there was nothing to hinder his view of the syringe or the foil packet.
Under certain circumstances, the police may seize evidence in plain view without a warrant. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Three requirements must be satisfied: (1) the police officer must lawfully make the initial intrusion or otherwise properly be in a position from which he can view an area; (2) the incriminating evidence must be discovered inadvertently; and (3) it must be immediately *490 apparent to the police officer that the items he observes may be evidence of a crime, contraband or otherwise subject to seizure. See Snider v. State, 681 S.W.2d 60, 63 (Tex.Crim.App.1984). Taking these rules of law into consideration, it is clear that Officer Farrar’s initial “intrusion” was lawful; he was aware at the time he began to follow appellant that a warrant had been issued for a person fitting appellant’s description at the particular location appellant was leaving.
Appellant stopped his van in an empty church parking lot. The officers lawfully approached the stopped vehicle and inadvertently saw appellant with a syringe in his hand. This was sufficient, when taken in conjunction with other information in the officer’s possession, for the officer to become suspicious that what he was observing was perhaps evidence that a crime was being committed or that appellant was in possession of contraband. Officer Farrar testified that when he asked appellant to step out of the car, he saw a tin foil packet which he described as packaged in the same manner as heroin. This further solidified his suspicion.
We find that the contraband was lawfully seized and overrule appellant’s second ground of error.
The judgment of the trial court is AFFIRMED.