In the Matter of L.G., Appellant.

No. 14584.

Court of Appeals of Texas, Austin.

April 22, 1987.

Rehearing Denied May 20, 1987.

William W. McNeal, Luling, for appellant.

Jeffrey Van Horn, Dist. Atty., Lockhart, for State.

Before SHANNON, C.J., and BRADY and CARROLL, JJ.

CARROLL, Justice.

Appellant, a sixteen-year-old girl, was found by a jury to have engaged in delinquent conduct by knowingly or intentionally possessing a controlled substance, cocaine. The trial court's order committed appellant to the Texas Youth Commission. We will affirm that part of the court's order adjudicating that appellant engaged in delinquent conduct; however, in all other respects the judgment of the trial court is vacated.

### THE CONTROVERSY

Appellant and two other minors were videotaped during school hours on private property near Lockhart High School. The videotape showed appellant and the two other girls engaging in conduct consistent with the ingestion of cocaine. None of the powdery substance apparently consumed by the girls, was recovered by the authorities, so no chemical analysis of any sort was made. Appellant was nevertheless adjudicated delinquent for possessing cocaine based on the testimony by one of the girls that appellant had stated she had some cocaine, and that appellant and the other girls decided to "sniff" or "snort" the cocaine.

The original order of adjudication and disposition filed on August 27, 1985, failed to state any reasons for the trial court's disposition committing appellant to the Texas Youth Commission. Consequently, appellant filed a motion for statement of reasons for disposition. In response, the trial court on December 17, 1985, entered what is entitled "Order of Adjudication and Disposition Nunc Pro Tunc," which specified as reasons for its disposition the following:

1. The conduct made the basis of this juvenile petition involved the use of cocaine, a penalty group I controlled substance.

2. The use of said controlled substance took place during the school hours within a close proximity to the Lockhart High School campus.

3. The use of said controlled substance took place in public view in the presence of other students.

4. The child's acquisition of said controlled substance occurred in a classroom during school hours.

5. The child involved other students in the use of said controlled substance.

After reviewing the order, we found the reasons given for the specific disposition amounted to little more than a recitation of the details of the delinquent conduct engaged in by appellant. We noted in particular the absence of any explanation why appellant was committed to the Texas Youth Commission, especially in light of an extremely favorable juvenile probation report. Hence, we sustained appellant's seventh point of error addressing the adequacy of the reasons stated in the order of disposition, and we remanded the cause to

the trial court with instructions for the trial judge to render a proper disposition order specifically stating the reasons for the disposition chosen and to file that corrected order with this Court. *In the Matter of L.G.*, No. 14,584, Tex.App.—Austin, November 26, 1986 (unpublished opinion).

The amended order of adjudication and disposition filed by the trial court is identical to the December 17, 1985 order, with the exception of the following two sentences which we will quote in full:

> The court further finds that the best interest of the child and the best interest of society will be served by committing her to the care, custody, and control of the Texas Youth Commission *because there exists in the community of Lockhart, Texas, where this conduct occurred, a great public awareness and concern about the problem of drug abuse in both the schools and the community at large.* Because of the findings stated above, the court believes that the best interests of society in insuring that conduct of the nature involved in this case is not to be tolerated, particularly in the school system, far outweigh any interests to be served by placing the child on probation. (emphasis added).

We will now address appellant's remaining points of error.

## ADJUDICATION OF DELINQUENCY

■ In appellant's first point of error, she contends the trial court erred in admitting testimony by L.C., an accomplice. Specifically, appellant claims L.C. was not competent to testify that the powdery substance in question was in fact cocaine. A witness may testify at trial that he was told by the accused that a substance in the possession of the accused was a controlled substance, and such testimony is admissible as direct evidence of the defendant's possession thereof. *See Bright v. State*, 556 S.W.2d 317, 322 (Tex.Cr.App.1977); *Stein v. State*, 514 S.W.2d 927, 933–34 (Tex.Cr.App.1974). Under these circumstances, the witness is not testifying in the form of an opinion, but rather he is testifying to a statement of fact within his knowl-

edge. *See Hernandez v. State*, 698 S.W.2d 679 (Tex.Cr.App.1985).

■ The record here reflects that L.C. testified that she sniffed cocaine with appellant. However, the only basis for her assumption that the substance was cocaine was founded on appellant's statements to her. Consequently, from the record before us, we cannot conclude L.C.'s testimony in this case was opinion testimony. We can only view it as a statement of fact within her knowledge. Moreover, under the *Stein* holding, the admission by appellant that she had some cocaine is admissible as direct evidence she in fact possessed cocaine. Appellant's first point of error is overruled.

■ In her second point of error, appellant alleges that much of L.C.'s testimony was improperly elicited through leading questions by the State's attorney. The matter of permitting leading questions rests in the sound discretion of the trial judge, and unless the appellant can show that she was unduly prejudiced by virtue of such questions, no abuse of discretion is shown. *Navajar v. State*, 496 S.W.2d 61, 64 (Tex.Cr.App.1973); *see also Bryant v. State*, 367 S.W.2d 684, 685 (Tex.Cr.App. 1963) (asking leading questions is seldom grounds for reversal). No undue prejudice has been shown by appellant, nor do we find any in the testimony questioned here. Appellant's second point of error is overruled.

In points of error three and four, appellant challenges the sufficiency of the evidence to support the jury's finding that the powdery substance involved was cocaine. The evidence at trial, as outlined above, consisted of testimony from an accomplice witness as to an out-of-court statement made by appellant that she had some cocaine. Both the admissibility of accomplice witness testimony and out-of-court statements made by the child are specifically addressed by the Family Code. *See* Tex. Fam.Code Ann. § 54.03(e) (1986). In part, those provisions provide: (1) that an adjudication of delinquent conduct cannot be made upon the testimony of an accomplice unless corroborated by other evidence tending to connect the child with the alleged

delinquent conduct, and the corroboration is not sufficient if it merely shows the commission of the alleged conduct; and (2) that an out-of-court statement made by a child is insufficient to support a finding of delinquent conduct unless it is corroborated in whole or in part by other evidence.

■ The accomplice witness language in § 54.03(e) is in substance identical to article 38.14 of the Code of Criminal Procedure.[1] Therefore, it is proper to look to the decisions of the Court of Criminal Appeals under article 38.14 as guidelines for the interpretation of § 54.03(e). *See In the Interest of A.D.L.C.*, 598 S.W.2d 383, 385 (Tex.Civ.App.1980, no writ).

■ In general, the sufficiency of corroboration for accomplice testimony in cases involving adults is determined by eliminating the accomplice's testimony from consideration and examining the remaining evidence to determine whether there is any evidence of an incriminating nature which tends to connect the accused with the commission of the crime. *Hernandez v. State*, 578 S.W.2d 731, 732 (Tex. Cr.App.1979). The corroboration need only make the witness' testimony more likely than not. *McManus v. State*, 591 S.W.2d 505, 514 (Tex.Cr.App.1979).

■ The corroborative evidence here is found in a videotape recording and certain photographs of the alleged offense taking place. The pictures show appellant and two other girls engaging in some activity while bending over a utility box located in an open field. Testimony from a Lockhart Police Department investigator characterized the activity depicted as being consistent with the ingestion of cocaine. While the photographs do not unquestionably show the ingestion of cocaine," there is no requirement that the corroborating evidence be sufficient in itself to establish guilt.

The photographs and videotape no doubt indicate an activity of an incriminating na-

ture tending to connect appellant with the delinquent conduct with which she is charged. Moreover, the pictures also corroborate the specifics in L.C.'s testimony thereby making her testimony "more likely than not." Consequently, we find L.C.'s testimony admissible under Tex.Fam.Code § 54.03(e). In addition, we also find the same evidence sufficiently corroborates appellant's out-of-court statement that she had some cocaine.

■ In summary, having concluded that L.C.'s testimony was in all aspects admissible under the Family Code, we now address appellant's sufficiency points of error. In her third point of error, appellant claims there was "no evidence" to support the jury's finding that appellant possessed cocaine. When a child challenges the legal sufficiency of evidence by a no evidence point, the appellate court is required to consider only the evidence and inferences tending to support the findings under attack. *In the Matter of A.B.R.*, 596 S.W.2d 615, 618 (Tex.Civ.App.1980, writ ref'd n.r. e.). Since L.C.'s testimony concerning appellant's out-of-court statements was admissible and in fact constituted *direct evidence* that appellant possessed cocaine, we conclude there was ample evidence to warrant the submission of the issue to the jury. Appellant's third point of error is overruled.

■ In her fourth point of error, appellant contends the evidence was nonetheless insufficient to support the jury's finding that she possessed cocaine. In reviewing an insufficiency of evidence point in a juvenile case, the appellate court is required to consider all of the evidence in order to determine whether the evidence supporting the finding is either weak or the evidence to the contrary so overwhelming that the finding should be set aside and a new trial ordered. *In re Y.S.*, 602 S.W.2d 402, 405 (Tex.Civ.App.1980, no writ); Morgan, *Juvenile Law and Practice*, § 502, at 138 (Tex.Practice 1985). We have reviewed

---

**1.** Tex.Code Cr.P.Ann. art. 38.14 (1979) provides: "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

all of the evidence, much of which has been already outlined, and have found the evidence, if believed by the jury, sufficient to support a finding that appellant engaged in delinquent conduct. Appellant's fourth point of error is overruled.

In her fifth point of error, appellant alleges that the State failed to obtain a finding that appellant "intentionally *and* knowingly" possessed a controlled substance. The State's original petition alleging the delinquent conduct phrased the *mens rea* element in the conjunctive, whereas the special issue actually submitted to the jury was worded in the disjunctive. It is settled that under civil rules of procedure, which govern Title 3 proceedings under the Family Code absent conflicting provisions, a party may set forth two or more statements of a claim alternatively in the same count *even though* one of them if made independently would be sufficient. *See* Tex.Fam.Code Ann. § 51.17 (1986) and Tex.R.Civ.P.Ann. 48 (Supp.1987). The same result is also reached under the arguably more analogous application of criminal law. *See, e.g., Zanghetti v. State,* 618 S.W.2d 383, 388 (Tex.Cr.App.1981) (no error committed where trial court overruled objection that indictment alleged the offense was committed with the culpable mental states of "intentionally *and* knowingly" and the court charged the jury to find the defendant guilty if he acted "intentionally *or* knowingly"). Appellant's fifth point of error is overruled.

## DISPOSITION

Appellant by her sixth point of error claims the trial court failed to make a necessary finding at the disposition hearing pursuant to Tex.Fam.Code Ann. § 54.04(c) (1986). That provision provides:

> No disposition may be made under this section *unless the court finds that the child is in need of rehabilitation or that the protection of the public or the child requires that disposition be made.* If the court does not so find, it shall dismiss the child and enter a final judgment without disposition. (emphasis added).

This language is absent in the nunc pro tunc order entered by the trial court on December 17, 1985. In its place, the order provides *"the best interest* of the child and *the best interests* of society will be served by committing her to the care, custody, and control of the Texas Youth Commission." Appellant argues that this order completely superceded the August 27, 1985, order which did contain the correct recitations, and that the "best interest" finding is not the same as a finding that the "protection" of the public or child requires a disposition be made.

Although arguably a "best interest" finding would include the notion of protection, we need not address that question nor the question of whether the December 17, 1985, order was a valid nunc pro tunc order. Pursuant to our instructions to the trial court to render a "proper disposition order," an amended order of adjudication and disposition, as noted earlier, has been filed with this Court. In this amended order, the requisite § 54.04(c) finding has been added. Appellant's sixth point of error is overruled.

In appellant's eighth and ninth points of error, she challenges the sufficiency of the evidence to support the trial court's disposition order committing appellant to the Texas Youth Commission. Based upon the grant of authority in Tex. Fam.Code Ann. § 54.04(d)(1) (1986), a trial court may commit a child to the Texas Youth Commission following a hearing in which the child has been adjudicated delinquent. In challenging a court's order of disposition on appeal, the child must show that the trial court "abused its discretion" in making the disposition it did. *In the Matter of E.F.,* 535 S.W.2d 213, 215 (Tex. Civ.App.1976, no writ).

One of the many reasons underlying the Tex.Fam.Code § 54.04(f) requirement that the trial court specifically state its reasons for the disposition ordered is that it furnishes a basis for the appellate court to determine whether the reasons recited are supported by the evidence and whether they are sufficient to justify the

order of disposition. *In the Matter of N.S.D.*, 555 S.W.2d 807, 809 (Tex.Civ.App. 1977, no writ).

After reviewing cases in other contexts upholding the trial court's disposition order committing a delinquent child to the Texas Youth Commission, we find a definite fact pattern is present. These cases denote a proper commitment when the delinquent child involved has engaged in some type of violent activity which makes them potentially dangerous to the public, or has been given a negative recommendation for probation. *See e.g., In the Matter of R.W.*, 694 S.W.2d 578 (Tex.App.1985, no writ) (minor had been given a "tenuous" probation recommendation and current incident was his second referral to the juvenile probation department); *In the Matter of R.B.*, 697 S.W.2d 826 (Tex.App.1985, no writ) (evidence that minor threatened attack on others and probation officer's testimony that minor needed a strict environment); *K___ K___ H___ v. State*, 612 S.W.2d 657 (Tex. Civ.App.1981, no writ) (ample evidence to support commitment to the Texas Youth Commission based on evidence of child's assaults on mother and stepfather); *F.L.J. v. State*, 577 S.W.2d 532 (Tex.Civ.App.1979, no writ) (minor had threatened detention center worker with a knife and had a history of attacking staff members). *But see In the Matter of E.F., supra* (commitment to the Texas Youth Commission where facts showed minor had a poor school attendance record, poor grades, no hobbies, and demonstrated an indifference toward the commission of the crime). Considering the cases outlined above, we find the present record vastly different.

█ The juvenile probation report on appellant which represents the *only* evidence in the record regarding disposition indicates appellant should have been placed on probation. The probability of appellant successfully completing probation was rated as good. This prediction was based on several factors, including the existence of a supportive family, the lack of any prior juvenile referrals, and the existence of a stable academic school record. In addition, unlike the minor involved *In the Matter of*

*E.F., supra*, the probation report denotes an absence of any antisocial behavioral characteristics necessitating a structured environment such as the Texas Youth Commission. In fact, the record shows the contrary since it reflects appellant served as President of the Future Homemakers of America during her sophomore and junior high school years and engaged in activities such as tennis, volleyball, and baseball. The present record, therefore, indicates that appellant has in the past engaged in activities consistent with normal, healthy teenage socialization. Absent is *any evidence* of a need for the strict environment of the Texas Youth Commission.

Texas Fam.Code Ann. § 51.01(1–2) (1986) provides that Title 3, covering delinquent children, shall be construed to effectuate the purposes of providing care, protection, and the wholesome moral, mental, and physical development of children *along with* the protection of the welfare of the community. Subsection (4) provides that these purposes are to be achieved *whenever possible* in a family environment and that the child is to be separated from his parents *only* when it is necessary for his welfare or it is in the interest of public safety. There is no evidence in the record to support the trial court's conclusion that commitment to the Texas Youth Commission is warranted under the circumstances, nor is there any evidence that the delinquent conduct *alone* requires that the public be protected. Furthermore, we find no language in the Family Code indicating a public interest in "deterring" criminal activity which is preeminent over any interest in the rehabilitation of the child in his home environment. Based on the language noted above, we find just the opposite.

█ While we may not substitute our decision for the trial court's decision, we also may not affirm its decision when there is no evidence in the record to support the conclusions made. Under the evaluation made of the child in the probation report, the trial court may have been justified in disagreeing with those conclusions. However, when the *only* evidence in the record is to the effect that local services were

available and that appellant could have been rehabilitated locally, there then became no basis for the reasons given in the order, *i.e.*, there was no evidence to support the reasons given. *See In the Matter of N.S.D., supra* at 809. Appellant's eighth point of error alleging there existed no evidence to support the trial court's dispositional order is therefore sustained.

Although we sustain appellant's no evidence point of error, we have also reviewed all of the evidence presented in this case, much of which has been previously detailed. *See Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986). Without repeating our previous discussion of the record, we have concluded that, had it been necessary to reach appellant's ninth point asserting that the evidence was insufficient to support the trial court's disposition order committing appellant to the Texas Youth Commission, we would have sustained it. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Texas L.Rev. 361, 371 (1960).

Pursuant to Tex.Fam.Code Ann. § 56.-01(i) (1986), we affirm that part of the trial court's judgment adjudicating that appellant engaged in delinquent conduct. Under *former* Tex.Fam.Code Ann. § 54.05(b) (1979),[2] the trial court's jurisdiction to render any new disposition expired November 25, 1986, appellant's 18th birthday. Accordingly, in all other respects, the trial court's judgment is vacated.

BRADY, J., dissenting.

BRADY, Justice, dissenting.

### DISSENTING OPINION

I must respectfully dissent from the majority opinion insofar as it holds there was sufficient evidence to show a crime was committed by appellant. The only evidence demonstrating the commission of a crime was the testimony of an accomplice that appellant represented the substance to be cocaine, that the accomplice felt different after ingesting the substance, and photo-graphic evidence of appellant and the accomplice engaging in conduct consistent with possession of cocaine. No cocaine was actually recovered or admitted into evidence. Although adjudication of delinquency is a civil matter, the charges against the minor must be proven beyond a reasonable doubt. Tex.Fam.Code Ann. § 54.03(f) (1985). Upon an examination of the criminal cases governing proof of a *corpus delicti* under that stringent standard, I believe the evidence presented here was insufficient to show the commission of an offense.

The only evidence identifying the substance as cocaine is the accomplice's testimony of appellant's representation and the accomplice's description. Both of these bits of evidence were admitted over appellant's objection that neither appellant nor the accomplice was shown to be qualified to accurately recognize cocaine. Although it is clear that no evidence of either party's qualification or experience was offered, the majority holds that testimony relating the accused's assertion that the substance was cocaine was sufficient to identify that substance. As authority for that position, they cite the following criminal cases: *Hernandez v. State*, 698 S.W.2d 679 (Tex.Cr.App.1985); *Bright v. State*, 556 S.W.2d 317 (Tex.Cr.App.1977); *Stein v. State*, 514 S.W.2d 927, 933–34 (Tex.Cr.App.1974). After a review of these opinions, I believe the majority's reliance on them is misplaced. These cases do not hold the accused's statement is the only proof required to establish the identity of a substance, but instead address much more narrow issues.

In both *Bright* and *Stein*, the issue addressed by the appellate court was not the identity of the substance but rather whether the appellant possessed it. An examination of *Bright* reveals that appellant's ground of error challenged the failure of the trial court to give the jury a circumstantial evidence charge on "appellant's possession of *the* heroin." *Bright* at 321 (emphasis added). The court held appel-

---

**2.** Texas Fam.Code Ann. § 54.05(b) (1979) was amended by Acts 1985, 69th Leg., ch. 45, § 3 effective September 1, 1985. However, since appellant's delinquent conduct occurred before the amendment, the controlling law in this appeal is the former provision.

lant's admission qualified as direct evidence he possessed the substance; therefore, a circumstantial evidence charge was unnecessary. The identity of the substance was not the matter proven by appellant's admissions; indeed, earlier portions of the opinion reveal the State called a chemist to testify as part of its case in chief against appellant.

The issue in *Stein* was also whether the evidence of appellant's possession was direct or circumstantial. The court quoted trial testimony relating appellant's statement that he knew there was some marihuana in his truck and that he saw officers remove it from the truck. Ruling on the nature of the jury charge warranted by this evidence, the court stated:

> Under the facts of this case, a charge on circumstantial evidence was not required. There was direct evidence in the testimony of the witness Lewis that appellant admitted having marihuana in his possession in the van owned and operated by him, and that he knew of the presence of such marihuana.

*Id.* at 934. This language does not hold that appellant's statement proved the substance was contraband, but rather that it was proof he knowingly possessed it. Furthermore, when the court reviewed appellant's testimony concerning the container found in his van, the court stated, *"[o]ther* evidence established that ... the substance in the van was marihuana." *Id.* at 929–30 (emphasis added).

In *Hernandez*, appellant challenged the sufficiency of the evidence to show a substance seized by police was contraband. The court held that "the unobjected-to testimony" of a police officer that appellant identified the substance as heroin was sufficient evidence to establish that the substance was heroin. That opinion goes on to hold the statement was "direct evidence," citing *Bright* and *Stein*. The court also notes that, in this context, the statement was not offered as an opinion but as a statement of fact. Because evidence admitted without objection is admitted for all purposes, this statement was held to constitute *some* evidence to support the judg-

ment. The narrow nature of the court's holding in *Hernandez* makes it clear that appellant's waiver of error was the determinative factor. Here, appellant made a timely objection to the admission of this testimony.

The differences between the cases cited in the majority opinion and the facts of the case at bar contrast sharply with the virtually identical situation presented in *Steele v. State*, 681 S.W.2d 129 (Tex.App.1984, pet. ref'd). In *Steele*, the only evidence of appellant's crime consisted of a police officer's testimony that the appellant identified a substance as cocaine and sold a plastic bag of that substance to the officer for $50.00. The court held this evidence alone was insufficient to support a conviction for possession of cocaine. *Id.* at 131. The Court of Criminal Appeals later refused the State's Petition for Discretionary Review in that case.

Like *Steele*, the only evidence in the present case that proves a *corpus delicti* is appellant's representation of the substance as cocaine and evidence of conduct consistent with possession. The logical result of the majority's holding is that convictions could be obtained upon evidence that the accused showed a witness a substance, stated that the substance was contraband, then acted in a manner which appears to corroborate that fact. Thus, anyone who displays a white powder, announces it is cocaine, then ingests it immediately, can be convicted for possession of a controlled substance beyond a reasonable doubt on this proof alone. The Court of Criminal Appeals cases cited by the majority do not support such a result. The adjudication of delinquency should be reversed upon the unambiguous authority of *Steele v. State* and because the evidence presented clearly leaves a reasonable doubt as to whether any crime was committed.

I would therefore vote to reverse the judgment of the trial court and reform that judgment to show an acquittal.