TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00485-CV






In the Matter of L. G.







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-15,728, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING 






PER CURIAM


 The trial court adjudged L.G. to have committed the delinquent conduct of knowingly and
intentionally possessing less than one gram of cocaine. He challenges the sufficiency of the evidence to
support that adjudication. We will affirm the order of adjudication.

 The arresting officer gave the only testimony in the case. He testified that he and other
officers were patrolling in a van at about 12:30 a.m. on a Sunday. The van was blue, but unmarked, and
its sliding door was open. As they approached the intersection of Chicon and Rosewood, an area with a
high level of drug dealing, he saw a group of people loitering at the bus stop. As the van slowed to a stop,
L.G. began walking away from the curb. The officer, dressed in a uniform with "Austin Police Street
Narcotics" written on the front in bold white letters, yelled, "Hold it!" when he got out of the van. The
officer pursued on foot when L.G. broke into a run toward an apartment complex where drug sales and
use were prevalent. In the apartment complex's parking lot, L.G. went around behind the passenger side
of a large car, ducked down briefly, and popped back up and continued running. The officer caught L.G.
shortly after that and arrested him. The officer went back to the large car and found a white piece of plastic
near the right rear tire, where L.G. had ducked. The plastic contained a rock of crack cocaine. The officer
saw no one else around the car, but he had not looked at the car before the chase.

 The sole point of error on appeal is that insufficient evidence supports the adjudication. 
Because L.G. only requests acquittal, we will interpret this as a challenge to the legal sufficiency of the
evidence. Though this is a civil case, the State must meet its burden of proof beyond a reasonable doubt. 
Tex. Fam. Code Ann. § 54.03(f) (West 1996). Because it is a civil case, however, we will apply the civil
standard for reviewing legal sufficiency challenges. In re L.G., 728 S.W.2d 939, 943 (Tex. App.--Austin
1987, writ ref'd n.r.e.); but see R.X.F. v. State, 921 S.W.2d 888, 899 (Tex. App.--Waco 1996, no pet.)
(applying criminal standard). We consider the evidence and inferences favoring the judgment and will affirm
if any probative evidence supports the judgment. L.G., 728 S.W.2d at 939; C.F. v. State, 897 S.W.2d
464, 472 (Tex. App.--El Paso 1995, no writ); but see R.X.F., 921 S.W.2d at 899.

 The only dispute is whether the evidence showed sufficient affirmative links between L.G.
and the crack cocaine to show that he exercised actual care, custody, control, or management over it. 
Affirmative links are facts showing that the accused's connection with the drug was more than fortuitous. 
Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). We have held that factors indicating
affirmative links may include conduct by the accused indicating consciousness of guilt, as well as the
contraband being in plain view, conveniently accessible to the accused, and found on the same side of the
car seat as the accused. Whitworth v. State, 808 S.W.2d 566, 569 (Tex. App.--Austin 1991, pet.
ref'd). L.G. contends that any affirmative links between him and the crack cocaine are too weak because
the police never saw him with possession of the crack, did not see him drop the crack, did not know
whether the crack was near the car before he ran there, and knew that the area was rife with drug sellers
and users who might have dropped the crack there.

 Looking at the evidence favorable to the adjudication, we find sufficient affirmative links. 
Mere proof that L.G. walked away from a slowing, unmarked van might not provide such a link. However,
here the evidence showed L.G. ran from a uniformed narcotics officer who was ordering him to stop; L.G.
slowed his flight to duck briefly behind a car; and the officer immediately discovered the crack cocaine
where L.G. ducked. These facts show consciousness of guilt and behavior consistent with placing the drug
where it was discovered. We cannot say that a rational trier of fact could not find it convincing beyond a
reasonable doubt. (1) We overrule the point of error.

 We affirm the adjudication of delinquency.



Before Justices Powers, Jones and Hill*

Affirmed

Filed: April 24, 1997

Do Not Publish



















* Before John G. Hill, Chief Justice (retired), Court of Appeals, Second District of Texas, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. We note that we would reach the same conclusion under the criminal standard applied in R.X.F., 921
S.W.2d at 899.



d
its sliding door was open. As they approached the intersection of Chicon and Rosewood, an area with a
high level of drug dealing, he saw a group of people loitering at the bus stop. As the van slowed to a stop,
L.G. began walking away from the curb. The officer, dressed in a uniform with "Austin Police Street
Narcotics" written on the front in bold white letters, yelled, "Hold it!" when he got out of the van. The
officer pursued on foot when L.G. broke into a run toward an apartment complex where drug sales and
use were prevalent. In the apartment complex's parking lot, L.G. went around behind the passenger side
of a large car, ducked down briefly, and popped back up and continued running. The officer caught L.G.
shortly after that and arrested him. The officer went back to the large car and found a white piece of plastic
near the right rear tire, where L.G. had ducked. The plastic contained a rock of crack cocaine. The officer
saw no one else around the car, but he had not looked at the car before the chase.

 The sole point of error on appeal is that insufficient evidence supports the adjudication. 
Because L.G. only requests acquittal, we will interpret this as a challenge to the legal sufficiency of the
evidence. Though this is a civil case, the State must meet its burden of proof beyond a reasonable doubt. 
Tex. Fam. Code Ann. § 54.03(f) (West 1996). Because it is a civil case, however, we will apply the civil
standard for reviewing legal sufficiency challenges. In re L.G., 728 S.W.2d 939, 943 (Tex. App.--Austin
1987, writ ref'd n.r.e.); but see R.X.F. v. State, 921 S.W.2d 888, 899 (Tex. App.--Waco 1996, no pet.)
(applying criminal standard). We consider the evidence and inferences favoring the judgment and will affirm
if any probative evidence supports the judgment. L.G., 728 S.W.2d at 939; C.F. v. State, 897 S.W.2d
464, 472 (Tex. App.--El Paso 1995, no writ); but see R.X.F., 921 S.W.2d at 899.

 The only dispute is whether the evidence showed sufficient affirmative links between L.G.
and the crack cocaine to show that he exercised actual care, custody, control, or management over it. 
Affirmative links are facts showing that the accused's connection with the drug was more than fortuitous. 
Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). We have held that factors indicating
affirmative links may include conduct by the accused indicating consciousness of guilt, as well as the
contraband being in plain view, conveniently accessible to the accused, and found on the same side of the
car seat as the accused. Whitworth v. State, 808 S.W.2d 566, 569 (Tex. App.--Austin 1991, pet.
ref'd). L.G. contends that any affirmative links between him and the crack cocaine are too weak because
the police never saw him with possession of the crack, did not see him drop the crack, did not know
whether the crack was near the car before he ran there, and knew that the area was rife with drug sellers
and users who might have dropped the crack there.

 Looking at the evidence favorable to the adjudication, we find sufficient affirmative links. 
Mere proof that L.G. walked away from a slowing,