TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00376-CV







In the Matter of J. M.







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-14,888, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







 Appellant J.M., a juvenile, appeals from a trial-court order revoking his probation and
committing him to the Texas Youth Commission. J.M. asserts three points of error. He complains that the
trial court erred by finding he violated conditions of his probation when the conditions were not included
in the court's disposition order. J.M. also claims the trial court erred by revoking his probation when there
was insufficient evidence to prove beyond a reasonable doubt that (1) he received notice of his conditions
of probation and that (2) he violated a condition of his probation: that he obey staff at the Leadership
Academy. We will affirm the trial court's judgment.


BACKGROUND

 On February 14, 1996, the trial court conducted a hearing on the State's first amended
original petition alleging J.M. had engaged in delinquent conduct. The court found J.M. had committed two
counts of unauthorized use of a motor vehicle. The court placed him on probation for one year at the
CATS program (1) known as the Leadership Academy. The dispositional order of probation stated that J.M.
be placed on probation at the CATS program "until successfully discharged and under the attached notes
of probation." On April 23, 1996, the State filed a motion to modify J.M.'s disposition, alleging that he
violated one of the conditions of his probation by refusing to obey the staff and rules of the Leadership
Academy, resulting in his being discharged before successful completion of the program. After a hearing
on the State's motion, the trial court modified the disposition order by revoking J.M.'s probation and
committing him to the custody of the Texas Youth Commission. J.M. appeals from the trial court's
judgment.


DISCUSSION 

 In his first point of error, J.M. claims that the trial court violated section 54.04(f) of the
Texas Family Code by failing to include the conditions of his probation in the dispositional order. 
Specifically, J.M. asserts that, although the trial court refers in the dispositional order to the "attached rules
of probation," no rules of probation were attached. Therefore, J.M. argues the court erred in finding he
violated his conditions of probation. Section 54.04(f) of the Family Code states:


The court shall state specifically in the order its reasons for the disposition and shall furnish
a copy of the order to the child. If the child is placed on probation, the terms of the
probation shall be written in the order.



Tex. Fam. Code Ann. § 54.04(f) (West 1996). J.M. asserts that this is a mandatory requirement and such
a violation is reversible error.

 After reviewing the record, it is clear that J.M. waived error by failing to object at the trial
court level about the absence of any terms of probation. J.M. raises his claim that the trial court violated
section 54.04(f) of the Family Code for the first time on appeal. A party who desires to preserve error for
appeal must present the trial court with a "timely request, objection or motion, stating the specific grounds
for the ruling [the party] desire[s] the court to make . . . ." Tex. R. App. P. 52(a). The party must also
obtain a ruling on that request, objection, or motion. Id. Generally, an appellant who fails to preserve error
before the trial court cannot bring that error before an appellate court. See Allright, Inc. v. Pearson, 735
S.W.2d 240, 240 (Tex. 1987); see also Rogers v. State, 640 S.W.2d 248, 264 (Tex. Crim. App. 1982)
("It is a general rule that appellate courts will not consider any error which counsel for accused could have
called, but did not call, to the attention of the trial court at the time when such error could have been
avoided or corrected by the trial court.").

 The record shows that J.M. had several opportunities to object to the absence of any terms
of probation, but failed to do so. More importantly, J.M. did not complain that he was unaware of his
conditions of probation (1) when his dispositional order of probation was written and signed by the trial
court, (2) when the State filed its motion to modify disposition, or (3) at the hearing on the State's motion
to modify J.M.'s disposition. The State's motion to modify disposition clearly states that among said terms
and conditions of probation was rule two--Obey staff at the Leadership Academy. The motion states that
J.M. violated this rule of probation because he did not "obey the staff at the Leadership Academy as he
was discharged on April 16, 1996, from the program for not following the program rules."

 At the hearing on the State's motion to modify disposition, the trial court asked J.M. if it
was true that he was placed on probation at the Leadership Academy for a year and given certain
probation rules to follow. J.M. answered in the affirmative. A manager at the Leadership Academy
testified that he and a shift supervisor brought J.M. back to detention less than a month after he was
admitted to the Academy because he was not following rules and participating in the program. The
manager testified that J.M. was aware that he violated a rule by keeping contraband items, i.e., rubber
insulation, a metal bracket, and a metal plate under his bed. Although J.M. testified that he did not put the
contraband in his room, he also testified that he admitted to others on two separate occasions that he had
put the contraband under his bed. Throughout his testimony, J.M. never objected that he was unaware of
the rules of the Academy or conditions of his probation.

 J.M. did not preserve error in the trial court; therefore this court cannot consider his point
of error unless the trial court committed fundamental error. Courts will find fundamental error "only in those
rare instances in which the record shows on its face that the court lacked jurisdiction or that the public
interest is directly and adversely affected as that interest is declared in the statutes and constitution of this
state." Cox v. Johnson, 638 S.W.2d 867, 868 (Tex. 1982). In this case, neither of these requirements
for fundamental error are present. J.M. waived the right to raise this error on appeal by failing to object
or give the trial court the opportunity to correct the alleged error. 

 Even if J.M. had preserved his point of error, we would overrule it because it is clear from
the record that when J.M. was placed on probation the trial court ordered him to successfully complete
the program at Leadership Academy. The trial court's dispositional order of probation states that J.M. be
placed on probation at the Leadership Academy "until successfully discharged." Implicit in the order
modifying J.M.'s probation is that J.M. could not both break the rules of the program and successfully
complete the program. In addition, the order states that J.M.'s term of probation is one year to expire on
February, 14, 1997. Taken together, these recitations satisfy section 54.04(f)'s requirement that terms of
the probation be written in the order. The trial court did not err in failing to include the terms of probation
in the order; therefore, we overrule J.M.'s first point of error.

 In his second and third points of error, J.M. contends the evidence is insufficient to support
the trial court's decision to revoke his probation. J.M. argues the State did not prove beyond a reasonable
doubt that (1) J.M. was ever given notice of his conditions of probation and (2) one of the conditions of
probation was that J.M. obey staff at the Leadership Academy. We disagree. 

 In reviewing a sufficiency of the evidence point in a juvenile case, the appellate court is
required to consider all of the evidence in order to determine whether the evidence supporting the finding
is either so weak or the evidence to the contrary so overwhelming that the finding should be set aside and
a new trial ordered. In re L.G., 728 S.W.2d 939, 943 (Tex. App.--Austin 1987, writ ref'd n.r.e.). 
Before January 1, 1996, the State was required to prove beyond a reasonable doubt that a juvenile violated
a term of probation. Thereafter, the State's burden lessened. Now the State must prove "by a
preponderance of the evidence that the child violated a reasonable and lawful order of the court." Tex.
Fam. Code Ann. § 54.05(f) (West 1996). J.M. asserts that we should apply the earlier standard because
both the underlying offenses for his probation occurred in 1995, when the greater burden was still in effect. 
To support his argument, J.M. relies on a juvenile law article by Professor Robert O. Dawson. (2)

 We need not decide which standard governs because, under either standard, the State has
met its burden. We have reviewed all of the evidence, much of which has already been outlined, and find
it sufficient to support a finding that J.M. was given notice that one of the conditions was that he obey the
rules at the Leadership Academy in order to successfully complete the program there. In light of our
discussion of J.M.'s first point of error, we find that the State has proved that the child violated his
probation by failing to follow the rules at Leadership Academy and more importantly, failing to successfully
complete the program. We overrule J.M.'s second and third point of error.



CONCLUSION

 Having overruled J.M.'s three points of error, we affirm the judgment of the trial court.



 

 Mack Kidd, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: May 8, 1997

Do Not Publish

1. CATS is an acronym for Community Assess/Treat Sanctions.
2. Robert O. Dawson, Texas Juvenile Law, An Analysis of Juvenile Statutory and Case Law
for Texas Juvenile Justice Officials 209-210 (4th ed. 1996).


nt
of error unless the trial court committed fundamental error. Courts will find fundamental error "only in those
rare instances in which the record shows on its face that the court lacked jurisdiction or that the public
interest is directly and adversely affected as that interest is declared in the statutes and constitution of this
state." Cox v. Johnson, 638 S.W.2d 867, 868 (Tex. 1982). In this case, neither of these requirements
for fundamental error are present. J.M. waived the right to raise this error on appeal by failing to object
or give the trial court the opportunity to correct the alleged error. 

 Even if J.M. had preserved his point of error, we would overrule it because it is clear from
the record that when J.M. was placed on probation the trial court ordered him to successfully complete
the program at Leadership Academy. The trial court's dispositional order of probation states that J.M. be
placed on probation at the Leadership Academy "until successfully discharged." Implicit in the order
modifying J.M.'s probation is that J.M. could not both break the rules of the program and successfully
complete the program. In addition, the order states that J.M.'s term of probation is one year to expire on
February, 14, 1997. Taken together, these recitations satisfy section 54.04(f)'s requirement that terms of
the probation be written in the order. The trial court did not err in failing to include the terms of probation
in the order; therefore, we overrule J.M.'s first point of error.

 In his second and third points of error, J.M. contends the evidence is insufficient to support
the trial court's decision to revoke his probation. J.M. argues the State did not prove beyond a reasonable
doubt that (1) J.M. was ever given notice of his conditions of probation and (2) one of the conditions of
probation was that J.M. obey staff at the Leadership Academy. We disagree. 

 In reviewing a sufficiency of the evidence point in a juvenile case, the appellate court is
required to consider all of the evidence in order to determine whether the evidence supporting the finding
is either so weak or the evidence to the contrary so overwhelming that the finding should be set aside and
a new trial ordered. In re L.G., 728 S.W.2d 939, 943 (Tex. App.--Austin 1987, writ ref'd n.r.e.). 
Before January 1, 1996, the State was required to prove beyond a reasonable doubt that a juvenile violated
a term of probation. Thereafter, the State's burden lessened. Now the State must prove "by a
preponderance of the evidence that the child violated a reasonable and lawful order of the court." Tex.
Fam. Code An