NO.
12-06-00193-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

§                      APPEAL FROM THE 

IN THE MATTER OF L.D.,

§                      COUNTY COURT AT LAW

A JUVENILE

§                      HOUSTON COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            L.D.
appeals from a juvenile court order committing her to the Texas Youth Commission
(“TYC”).  In one issue, L.D. complains
that the juvenile court abused its discretion by committing her to TYC.  We affirm.

 

Background

            On November 29, 2005, L.D., a
sixteen year old female, assaulted Tanikqua Bolton.  This was but one of a number of acts of bad
conduct committed by L.D. between February 20, 2004[1]








 and her commitment to TYC on April 24,
2006.  L.D.’s bad acts included
assaulting a school teacher (February 20, 2004), a police officer (August 18,
2004), a mentally disabled juvenile (January 27, 2005), an aunt (July 27,
2005), and another individual (January 20, 2006); attempting to escape
detention by kicking out the window of a police car (August 18, 2004);
trespassing in an apartment complex (July 13, 2005); violating a municipal
curfew law (January 20, 2006); verbally abusing a law enforcement officer
(March 6, 2006); stating to a law enforcement officer that she planned to
resist any effort to detain her (March 6, 2006); and announcing to her
schoolmates that she planned to assault a teacher’s aide for confiscating her
lip gloss (March 29, 2006).  During much
of this period, L.D. was on probation for delinquent conduct.  She repeatedly violated the conditions of her
probation, often ignoring the juvenile court’s condition that she remain at
home unless authorized to leave.  She
also repeatedly failed to comply with the juvenile court’s condition that she
attend school regularly.

            On April 11, 2006, a jury found that
L.D. had engaged in delinquent conduct by committing the assault on Tanikqua
Bolton.  The juvenile court held a
disposition hearing at which it took into consideration L.D.’s other bad acts
as well as her direct failures to comply with authority, including her repeated
failures to comply with orders of the juvenile court.  The court also heard testimony from Tom
Streetman, L.D.’s probation officer during the time she had been on
probation.  Streetman testified that it
was in L.D.’s best interest that she be placed outside the home.  He stated that L.D.’s parents or relatives
would not provide suitable supervision and that probation was not in her best
interest. 

             The court questioned Streetman regarding the
application of the Juvenile Justice Code’s Progressive Sanction Guidelines.[2]  Streetman acknowledged that commitment to TYC
was technically a deviation from the guidelines.  He stated, however, that the Code allowed
commitment to TYC based upon L.D.’s criminal history[3] and that a
deviation from the guidelines was permitted. 
The court also questioned Streetman regarding other placement options
besides TYC, ordering him to investigate available placement options and then
report his findings to the court. 
Following his investigation, Streetman testified that there were not
sufficient available county funds to place L.D. in a facility other than
TYC.  

            Following the disposition hearing,
the juvenile court committed L.D. to TYC for an indeterminate period of
time.  This appeal followed.

 

Commitment of L.D.

            In her sole issue, L.D. argues that
the juvenile court abused its discretion by committing her to TYC.

Standard
of Review

            The decision to commit a juvenile
offender to TYC, when statutorily allowed, is within the discretion of the
juvenile court.  See Tex. Fam. Code Ann. § 54.04.  Therefore, we review such a decision for an
abuse of discretion.  See In re
J.P., 136 S.W.3d 629, 632 (Tex. 2004). 
The juvenile court abuses its discretion when it acts arbitrarily or
unreasonably, or without reference to guiding rules and principles.  In re C.L., 874 S.W.2d 880, 886
(Tex. App.–Austin 1994, no writ).  The
juvenile court does not abuse its discretion merely because it reaches a
different conclusion than we might have reached.  In re C.J.H., 79 S.W.3d 698,
702 (Tex. App.–Fort Worth 2002, no pet.). 
Further, even though a juvenile court gives an incorrect reason for its
decision, its assignment of a wrong reason is not necessarily reversible
error.  See Hawthorne v. Guenther,
917 S.W.2d 924, 931 (Tex. App.–Beaumont 1996, writ denied).  A juvenile court does not abuse its
discretion if it reaches the right result, even for the wrong reason.  See id.

Discussion

            A juvenile court may commit a
juvenile to TYC without a determinate sentence for

 

delinquent conduct that violates a penal law of the
grade of misdemeanor if: (1) the child has been adjudicated as having engaged
in delinquent conduct violating a penal law of the grade of felony on at least
one previous occasion; and (2) the conduct that is the basis of the current
adjudication occurred after the date of that previous adjudication.

 

 

Tex. Fam. Code Ann. § 54.04(t).  Even then, commitment is not required, but is
merely an option for consideration by the juvenile court.  See id.  If a juvenile court “arbitrarily removes a
child from home for a trivial infraction, nothing  . . . 
prohibits the appellate judges of Texas from doing something about it.”  In re J.P., 136 S.W.3d at
632.  As Justice Schneider observed, the
legislature has expressed its intent that commitment to TYC be reserved for
serious juvenile offenders.  Id. at
634 (Schneider, J., concurring).

            The primary concern of the Juvenile
Justice Code is that of public safety.  See
id. at 632.  In other parts
of the Texas Family Code, the best interests of children are often paramount;
but in the Juvenile Justice Code, the best interests of children who engage in
serious and repeated delinquent conduct are superseded to the extent they
conflict with public safety.  Id. at
633.  Generally, a commitment to TYC is
not an abuse of discretion when the delinquent juvenile has engaged in some
type of violent activity that makes the juvenile potentially dangerous to the
public or when the juvenile has been given a negative recommendation for probation.  See In re L.G., 728 S.W.2d 939,
945 (Tex. App.–Austin 1987, writ ref’d n.r.e.). 


            L.D. was a serious offender with a
significant history of bad acts, including repeated, and often violent,
delinquent conduct.  She was not
committed for a trivial offense; she was committed for assault after her
probation officer testified that probation was not in her best interest.  The juvenile court did not abuse its
discretion in committing L.D. to TYC. 
Nonetheless, L.D. argues that the juvenile court’s order must be
reversed because the court based its decision to commit, at least in part, on a
lack of available county funds.  

            In support of this argument, L.D.
cites In re S.G., No. 04-04-00475-CV, 2005 Tex. App. LEXIS 2560
(Tex. App.–San Antonio April 6, 2005, no pet.) (mem. op.).  L.D. argues that In re S.G.
stands for the proposition that a commitment based, in part, upon a lack of
available funds automatically warrants reversal.  In that case, the court of appeals stated
that the fact that a TYC committal utilizes state rather than county resources
was an improper reason for the committal of a juvenile to TYC.  Id., at *11.  Because there was no other evidence in the
record to support the trial court’s order, the appellate court reversed the
order and remanded the cause for a new disposition hearing.  Id., at *11-13.  However, the record in the instant case
includes sufficient evidence to support the juvenile court’s order.  Moreover, even where a juvenile court gives
an incorrect reason for its decision, it does not abuse its discretion if it
reaches the right result.  See Hawthorne,
917 S.W.2d at 931.

            L.D. also argues that the juvenile
court did not make a finding in its disposition order that she was a danger to
the public.  This allegation is
unsupported by the record.  The juvenile
court’s disposition order specifically states that protection of the public
required that a disposition be made.     We note that, in reaching its decision to
commit L.D. to TYC, the juvenile court chose to deviate from the Progressive
Sanction Guidelines.  L.D. has not
complained that this deviation was improper but has, instead, alleged that the
juvenile court did not give these guidelines proper consideration when reaching
its disposition decision.  The juvenile
court admitted extensive testimony on the issue of the guidelines, even
personally questioning Streetman.  L.D.’s
allegation is not supported by the record. 


            We overrule L.D.’s sole issue.

 

Disposition

We
affirm the trial court’s judgment.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion delivered March 7, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

                                                

 

 

 

 

 

 

(PUBLISH)











[1] The date of her first known delinquent conduct.





[2] See Tex. Fam. Code Ann. §§ 59.001-59.015 (Vernon 2002 & Supp. 2006). 





[3] See Tex. Fam. Code Ann. § 54.04 (Vernon Supp. 2006).