

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00449-CV

**IN THE MATTER OF C.M.W.**

From the County Court, Bexar County, Texas
Trial Court No. 2012-JUV-01919
The Honorable Lisa Jarrett, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:          Catherine Stone, Chief Justice
                  Karen Angelini, Justice
                  Luz Elena D. Chapa, Justice

Delivered and Filed:  March 19, 2014

AFFIRMED

C.M.W., a San Antonio high-school student, was charged with felony false alarm for making threats against his school. A jury found C.M.W. engaged in delinquent conduct. In two issues, C.M.W. appeals. We affirm.

### FACTUAL BACKGROUND

Four of C.M.W.'s classmates testified at trial. According to their testimony, C.M.W. threatened to blow up the school and shoot everyone in the school. They testified that C.M.W. made these statements on numerous occasions over a two to three week period.

C.M.W.'s classmates eventually reported the threats to Kenneth Vogel, Jr., the school's vice-principal. Mr. Vogel testified that after obtaining their written statements, he then called C.M.W. to his office. According to Mr. Vogel, C.M.W. acted angry and denied the students'

allegations. He also talked about killing himself. Mr. Vogel further stated C.M.W. admitted talking about "a Columbine-style shooting," but said it was someone else's idea. Because Mr. Vogel was concerned about student safety, he called the campus police.

Officer Michael Bivens was on duty as a campus officer when the vice principal called and said some students had reported that C.M.W. had threatened to blow up or shoot up the school. Officer Bivens testified he was in the room when Mr. Vogel spoke with some of the students. He was also present when Mr. Vogel spoke with C.M.W. According to Officer Bivens, C.M.W. became agitated and upset, and acted a little irrationally. Office Bivens testified that C.M.W. admitted making the threats but claimed he was just repeating what someone else had said. Officer Bivens also heard C.M.W. talk about killing himself.

In addition to Officer Bivens, Sergeant Troy Hopper testified about the incident involving C.M.W. According to Sergeant Hopper, Officer Bivens called him and said a student was threatening to blow up the school. Sergeant Hopper considered this an emergency situation, so he drove to the high school. He met with C.M.W. in the vice principal's office and heard C.M.W. make suicidal comments.

C.M.W. was the only defense witness at trial. He testified that he never made any of the statements he was accused of making. A jury found C.M.W. had engaged in delinquent conduct. The trial court, therefore, entered an Order of Adjudication and an Order of Disposition.

## DISCUSSION

In his first issue, C.M.W. contends his adjudication must be reversed because it was based solely on C.M.W.'s uncorroborated statements in violation of Family Code section 54.03(e).

Section 54.03(e) of the Family Code provides, in relevant part,

> A statement made by the child out of court is insufficient to support a finding of delinquent conduct or conduct indicating a need for supervision unless it is corroborated in whole or in part by other evidence.

TEX. FAM. CODE ANN. § 54.03(e) (West Supp. 2013).

According to C.M.W., this provision requires reversal of his adjudication because it was based only on his out-of-court statements that were not corroborated by other evidence. The statements C.M.W. is referring to are those he made to his classmates about blowing up the school and shooting everyone in the school. C.M.W. cites to only one case in support of his argument: *In re L.G.*, 728 S.W.2d 939 (Tex. App.—Austin 1987, writ ref'd n.r.e.). In that case, a juvenile was adjudicated delinquent for cocaine possession. *Id.* at 941. Evidence was admitted at trial to show that she told an accomplice that the substance they were sniffing was cocaine. *Id.* The Austin Court of Appeals allowed the out-of-court statement made by the juvenile to her accomplice because it was corroborated by a video recording and photographs. *Id.* at 943. Thus, it was the juvenile's out-of-court admission to committing a crime that was required to be corroborated by other evidence. *See id.*; *see also In re A.V.*, No. 04-04-00632-CV, 2005 WL 1676709, at *1 (Tex. App.—San Antonio 2005, no pet.) (holding out-of-court admissions juvenile made to police admissible because they were corroborated by juvenile's plea of true).

C.M.W.'s out-of-court statements are distinguishable from those in *In re L.G.* C.M.W.'s statements were not out-of-court statements admitting to the commission of the crime, but rather were statements constituting the crime itself and were therefore not required to be corroborated. This view of section 54.03(e) is supported by Robert Dawson's *Texas Juvenile Law*. *See* Robert Dawson, *Texas Juvenile Law* 186 (Tex. Juvenile Probation Comm'n ed., 6th ed. 2004). In discussing section 54.03(e)'s requirement that an out-of-court statement is insufficient, without corroboration, to support a delinquent conduct finding, comparison is made to the criminal

"Corpus Delecti Rule." *Id.* Under that rule, there must be independent evidence that a crime was committed before a defendant's confession can suffice as the only evidence showing that he committed the offense. *See R.C.S. v. State*, 546 S.W.2d 939, 942, 945 (Tex. Civ. App.—San Antonio 1977, no writ) (finding insufficient corroboration to show juvenile, who confessed to arson, engaged in delinquent conduct, where no evidence fire was deliberately set). In this case, however, C.M.W.'s out-of-court statements were the crime itself. Thus, there is no requirement under section 54.03(e) of the Family Code for other evidence showing a crime was, in fact, committed. C.M.S.'s first issue is overruled.

In his second issue, C.M.W. argues the evidence was insufficient to show he committed the offense of making a false alarm or report as set forth in section 42.06 of the Texas Penal Code. That provision of the Penal Code provides, in relevant part, that

> A person commits an offense if he knowingly initiates, communicates or circulates a report of a present, past, or future bombing, fire, offense, or other emergency that he knows is false or baseless and that would ordinarily: (1) cause action by an official or volunteer agency organized to deal with emergencies . . . .

TEX. PENAL CODE ANN. § 42.06(a) (West Supp. 2013).

C.M.W. specifically complains that the State failed to prove he knew his statements would ordinarily cause action by an agency organized to deal with emergencies. C.M.W. cites no authority for this argument. And, in fact, the plain language of section 42.06 of the Penal Code shows that such knowledge is not required to be proven. Section 42.06 states that it is an offense (1) to *knowingly* report an emergency (2) that one *knows* to be false, and (3) that would ordinarily cause action by an agency organized to deal with emergencies. *See id.* Thus, knowledge is required for the first two sub-sections, but not for the third. We overrule C.M.W.'s second issue.

Finding no error, we affirm the trial court's judgment.

Karen Angelini, Justice